**IRICK et al. v. HINN et al.**

No. 4698.

Court of Civil Appeals of Texas. Amarillo.
Jan. 25, 1937.

Anderson & Girand, of Lubbock, for appellants.

P. B. Randolph and Williams & Day, all of Plainview, for appellees.

JACKSON, Justice.

This appeal is from a temporary writ of injunction issued out of the district court of Hale county on the petition of appellees, Albert G. Hinn, the Republic National Bank & Trust Company of Dallas, and on the application of the intervener, S. E. Curry, trustee in bankruptcy of the estate of Roy Irick, enjoining the appellants, L. M. Frogge from paying, and Roy Irick and his wife, Marjorie, from assigning, transferring, or otherwise disposing of fifteen certain promissory notes aggregating the face value of $7,500.

The appellants, by exception, attack the sufficiency of the facts alleged to warrant the court in issuing the temporary writ, but they failed to deny any of the equities alleged in either of the petitions. Hence we accept the facts pleaded as true.

The facts are that in cause No. 4043, styled Republic National Bank & Trust Company et al. v. J. C. Terry et al., in the district court of Hale county, the plaintiffs therein, on October 29, 1935, recovered a judgment against Roy Irick for the principal sum of $14,691.10, together with interest and costs. Such judgment is a final, valid, unpaid, and subsisting claim constituting a debt against the community property of Roy Irick and his wife, Marjorie.

About March 1, 1930, Roy Irick and his wife conveyed to J. M. Welch certain community real estate situated in De Baca and Roosevelt counties, N. M., for $33,200, part of which consideration was paid in cash or its equivalent, and the balance thereof was to be paid in deferred payments evidenced by a series of fourteen notes of even date with the deed, payable to Roy Irick and aggregating the sum of $17,400, all of which was secured by a lien against said land, and constituted a part of the community property of Roy Irick and his wife.

Thereafter L. M. Frogge acquired an interest in said real estate, for which he obligated himself to pay on the amount of said deferred payments $7,500, and executed therefor fifteen negotiable promissory notes, each for the sum of $500, payable from one to fifteen years after their date. These fifteen notes were given in lieu and extension of a proportionate part of the aforesaid fourteen notes executed by J. M. Welch to Roy Irick and his wife. The notes executed by L. M. Frogge were made payable to Marjorie Irick, and are worth their face value. Roy Irick and his wife are now in possession of and attempting to collect said notes, claiming they are the separate property of Marjorie Irick, and refuse to apply the proceeds, if collected, to the payment of their community

debts or to the aforesaid judgment. Neither Roy, nor his wife, Marjorie, have any property subject to execution out of which the debt evidenced by the judgment obtained in cause No. 4043 can be made, and, unless restrained, they will collect the debt evidenced by said notes or sell and transfer them to an innocent purchaser, and refuse to apply the proceeds to the satisfaction of their debts or said judgment, which, if accomplished, would defeat the payment thereof. Appellees are without an adequate remedy at law to protect themselves unless equitable relief in the form of a temporary writ of injunction is issued pending the determination of the case on its merits.

Prior to the application for the temporary injunction sought, Roy Irick filed his petition in the District Court of the United States for the Northern District of Texas, Lubbock Division, claiming to be a resident of Hale county, alleged that he was insolvent, and prayed to be adjudged a bankrupt. He filed his schedules of liabilities and assets, and at the first meeting of the creditors, S. E. Curry, the intervener, was elected by the creditors and duly appointed trustee of said bankrupt's estate by W. D. Girand, referee in bankruptcy. The schedules filed did not disclose that the notes involved in this controversy were a part of the estate of Roy Irick, but upon examination at the first creditor's meeting it was shown that said notes and all other property owned by the bankrupt was the community property of himself and wife, Marjorie, and all debts owed by him were community debts. Roy Irick was adjudged a bankrupt and the intervener, S. E. Curry, as the qualified and acting trustee of said bankrupt's estate, asserts that title to and the right of possession of all property of said bankrupt estate vested in him.

On these facts the court issued a writ in favor of the judgment creditors, and also issued a writ in favor of the intervenor, S. E. Curry, as prayed for.

■ According to the undisputed facts, the notes involved were nonexempt, community property. They constituted a part of the bankrupt's estate, and the trustee thereof, S. E. Curry, was vested with title thereto by operation of law. 11 U.S.C.A. § 110. These notes were not scheduled or delivered to the trustee as a part of the bankrupt's estate, and, so long as they remained in the hands of Roy Irick and his

wife, could be transferred to an innocent purchaser and thereby placed beyond the reach of the trustee whose duty it was to gather the assets of the estate and administer such assets for the benefit of all the creditors of the bankrupt. Title 11, U.S. C.A., § 110, Collection and Custody of Property, note 441.

■ Any person who has possession of property belonging to the bankrupt's estate may be enjoined from selling or disposing thereof. Note 443 under title and section supra.

■ The trustee may bring an independent suit or intervene in a creditor's suit, as was done in this case. Note 684, title 11, U.S.C.A., § 110, supra.

In view of the record and the disposition made of the writ issued in favor of the trustee, we deem it unnecessary to determine whether the court committed error in also issuing a writ in favor of the judgment creditors.

The action of the trial court in issuing a temporary injunction against the appellants in favor of the trustee in bankruptcy is affirmed.