Opinion filed January 18, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed January 18, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00353-CV 

                                                    __________

 

                                         LAURIE BRAY, Appellant

                                                             V.

                          MOHAIR
COUNCIL OF AMERICA,
Appellee

 



 

                                        On
Appeal from the County Court at Law

                                                     Tom Green County, Texas

                                                Trial
Court Cause No. 04C351-L

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Mohair Council of America filed suit against
Laurie Bray alleging breach of contract. 
Bray filed a pro se answer.  The
trial court set the case for trial and mailed a notice to both parties.  Bray did not appear for trial.  Mohair Council presented its evidence, and
the trial court entered a judgment in its favor for $123,697.99.  Bray retained counsel and filed a motion for
new trial supported by her affidavit that denied receiving notice of the trial
setting.  Bray=s
motion was overruled by operation of law. 
We reverse and remand.

                                                              I.
Background Facts








In 1999, Mohair Council and Atelier Carpet, Inc.
entered into a joint venture to manufacture and market carpets made from
domestically produced mohair.  Bray owned
the majority of Atelier=s
stock.  She subsequently sold her stock
to a third party and then contracted with Mohair Council to personally assume
responsibility for prior financial losses. 
Mohair Council and Bray entered into new joint venture agreements in
2002 and 2003 that made Bray responsible for 40% of the joint venture=s costs and entitled her to 40% of any
profits.

Mohair Council filed suit against Bray in
2004.  Mohair Council alleged that Bray
had breached the joint venture agreements and requested judgment for sampling
expenses, inventory losses, unpaid advances, interest, and attorney=s fees. 
Bray filed a pro se answer in the form of a letter addressed to the
county clerk=s
office.  In her letter, Bray referenced
the parties and cause number and asked for postponement of any hearings pending
the resolution of some personal issues. 
Bray did not deny any of Mohair=s
allegations.

Approximately six months later, the court administrator
sent notice to Bray and Mohair Council that a final hearing would be held on
May 26, 2005.  Mohair Council appeared
for trial, but Bray did not.  The trial
court found that notice of the trial setting had been mailed to Bray and that
her answer did not deny any liability or set up any defense.  Mohair Council presented evidence and the
trial court found that Bray was indebted to Mohair Council for the principal
sum of $94,509.40.  It also awarded
prejudgment interest and attorney=s
fees.

Bray retained counsel and filed a motion for new
trial.  Bray=s
motion was supported by her affidavit that stated that she had not received
notice of the trial setting.  Bray asked
for a hearing.  The trial court did not
hold a hearing on the motion; Mohair Council did not file a reply; and the
motion was overruled by operation of law.

                                               II.
Issues

Bray challenges the trial court=s judgment with two issues.  The first, which alleges that the trial court
abused its discretion by not granting her motion for new trial, is dispositive
and, therefore, is the only issue we need address.

                                                                   III.
Discussion








When a defendant makes an appearance, the
defendant has a constitutional right to receive notice of any trial
setting.  LBL Oil Co. v. Int=l Power Servs., Inc., 777 S.W.2d
390, 390-91 (Tex.
1989).  The failure to provide notice
constitutes a lack of due process and is grounds for reversal.  Blanco v. Bolanos, 20 S.W.3d 809, 811
(Tex. App.CEl Paso 2000, no pet.).  Normally, a defendant seeking to set aside a
default judgment must also show that it has a meritorious defense and that the
granting of a new trial will not cause delay or other injury to the
plaintiff.  See Craddock v. Sunshine
Bus Lines, 133 S.W.2d 124, 126 (Tex.
1939).  But when a defendant receives no
notice of a trial setting, this additional proof is unnecessary.  See Custom-Crete, Inc. v. K-Bar Servs.,
Inc., 82 S.W.3d 655, 660 (Tex.
App.CSan
Antonio 2002, no pet.).

The court=s
administrator attempted to provide notice with her letter to the parties.  When a letter is properly addressed and
mailed, a presumption exists that the notice was duly received by the
addressee.  Thomas v. Ray, 889
S.W.2d 237, 238 (Tex.
1994).  If this presumption is not
rebutted, it has the force of a rule of law. 
Id.  Bray does not dispute that the court
administrator properly addressed and mailed the notice.  She simply contends that she never received
it.

The presumption of receipt vanishes when opposing
evidence is introduced that the letter was not received.  Cliff v. Huggins, 724 S.W.2d 778, 780
(Tex.
1987).  Bray alleged by affidavit that
she had not received notice, and she requested a hearing.  Because no evidentiary hearing was held, the
trial court was bound to accept her affidavit as true.  See Van Der Veken v. Joffrion, 740
S.W.2d 28, 31 (Tex. App.CTexarkana
1987, no writ).

Mohair Council argues that, even if Bray did not
have actual notice, she received constructive notice because the setting was
noted on the clerk=s
website.  Mohair Council cites no
evidence to support this contention, and the record does not otherwise indicate
what was placed on the clerk=s
website or when.  Whether a website
posting is sufficient to satisfy the due process clause we need not decide
today.  The absence of any evidence is
fatal to this contention.

Mohair Council next contends that Bray cannot
complain of a lack of notice because she failed to comply with Tex. R. Civ. P. 246 by providing the
clerk=s office
with a self-addressed stamped envelope. 
That rule is inapplicable because it applies to nonresident attorneys
and not to pro se litigants.  See
Bruneio v. Bruneio, 890 S.W.2d 150, 155-56 (Tex. App.CCorpus Christi 1994, no writ).








Finally, Mohair Council argues that the trial
court=s
judgment was a Ajudgment nihil
dicit@ because
Bray=s answer
did not deny her liability or plead any defense.  Mohair Council concludes that the trial court
was authorized to enter judgment against her at any time without notice.  Mohair Council cites no authority to support
this statement.  Our research indicates
exactly the opposite.  Bray concedes that
her answer was defective.  Because she
did not deny Mohair Council=s
allegations, they could be taken as true by the trial court.  See Irick v. Hinn, 104 S.W.2d 76 (Tex.
Civ. App.CAmarillo
1937, no writ).  But because this would
be dispositive, the trial court is first required to provide Bray with
notice.  LBL, 777 S.W.2d at 390.

                                             IV.
Holding

Bray was entitled to notice of the trial
setting.  Because her affidavit was
uncontested and no hearing was held on her motion for new trial, the trial court
was required to accept that affidavit as true. 
This is sufficient to establish that she did not receive notice of the
trial setting.  The trial court=s failure to grant a new trial in this
instance is an abuse of discretion.  Bray=s first issue is sustained; the trial
court=s
judgment is reversed; and this case is remanded to the trial court for further
proceedings.

 

 

RICK STRANGE

JUSTICE

 

January 18, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.