Jack CLIFF, Petitioner,

v.

William H. HUGGINS, Respondent.

No. C-4583.

Supreme Court of Texas.

Feb. 11, 1987.

Rehearing Denied March 18, 1987.

Allan L. Graber, Houston, for petitioner.

Eugene D. Stewart Petry & Stewart, Carrizo Springs, for respondent.

## OPINION

GONZALEZ, Justice.

This is an appeal from a denial of a motion for new trial and to set aside a post-answer default judgment. William H. Huggins brought this action against Jack Cliff alleging fraud and misrepresentation in connection with a joint venture agreement. The trial court rendered a default judgment in the sum of $149,333 in favor of Huggins when Cliff and his attorney failed to appear for trial. The court of appeals affirmed. 696 S.W.2d 175 (Tex. App.1985). That court held that Cliff did not rebut the presumption of receipt of notice of the trial setting that was mailed by the court reporter under Rule 21a of the Texas Rules of Civil Procedure. We reverse the judgment of the court of appeals and remand the cause to the trial court.

The law is well settled that there are certain prerequisites that must be met in order to set aside a default judgment and obtain a new trial. A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein v. Prew-*

*itt,* 671 S.W.2d 37 (Tex.1984). However, as stated by this court in *Craddock v. Sunshine Bus Lines, Inc.:*

> [w]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle.

134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted).

The *Craddock* court then set forth the guiding rule or principle which trial courts are to follow in determining whether to grant a motion for a new trial:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.*

■ Additionally, the prerequisites for granting a motion to set aside a trial court's default judgment also apply to a post-answer default judgment. *Grissom v. Watson,* 704 S.W.2d 325 (Tex.1986).

■ Tested by the rule of *Craddock,* the record shows that Cliff's failure to appear at trial was not intentional or the result of conscious indifference. Cliff swore by way of affidavit and in his oral testimony at the hearing on his motion, that he never received notice of the trial setting and had no awareness thereof until he received notice of the default judgment. His attorney also testified unequivocally that he never received notice of the trial setting and was unaware of it until after the trial date. This evidence was uncontroverted. Moreover, it is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein,* 671 S.W.2d at 38. The other *Craddock* elements have been satisfied as Cliff set up a

meritorious defense and there is nothing in the record to show that a new trial will work an injury to Huggins.

Huggins asserts that the trial court's refusal to grant the motion is not an abuse of discretion because Cliff failed to offer or show in his motion for new trial that he was willing to reimburse him for all the costs incurred in obtaining the default judgment. Huggins also asserts that Cliff did not offer evidence to substantiate his allegations that no prejudice or unreasonable delay would be caused by granting a new trial.

In *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 97 (Tex.1986), we held that although an offer to reimburse the plaintiff for costs incurred in obtaining the default judgment or readiness for trial may be important factors for the trial court to look at in determining whether it should grant a new trial, they are not a precondition for granting the motion. We observed that at issue was an equitable principle, and the court should deal with the facts on a case-by-case basis in order to do equity. Moreover, once the defendant has alleged that the granting of a new trial will not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff for these are matters peculiarly within the plaintiff's knowledge.

■ The court of appeals based its decision on the part of Rule 21a that states: "[s]ervice by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." The rule, however, continues as follows:

> A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. *Nothing herein shall preclude any party from offering proof that the notice*

*or document was not actually received,* or if the service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

Tex.R.Civ.P. 21a (emphasis added). Thus, Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. *See Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854 (Comm'n App. 1942, opinion adopted). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.,* 159 S.W.2d at 857. The presumption, however, is not "evidence" and it vanishes when opposing evidence is introduced that the letter was not received. *Id.*

The court of appeals cites *O'Ferral v. Coolidge,* 149 Tex. 61, 228 S.W.2d 146, 148 (1950) for the proposition that notice is a question of fact which is foreclosed by the judgment of the trier of fact. *O'Ferral* is not a default judgment case. The "notice" in question was notice of assignment of an interest in an oil and gas lease. Therefore, the reliance by the court of appeals on *O'Ferral* is misplaced. The court of appeals also relies on *Mackay v. Charles W. Sexton,* 469 S.W.2d 441, 444 (Tex.Civ.App. —Dallas 1971, no writ). However, *Mackay* is distinguishable in that it involves a bill of review which encompasses a different standard.

In summary, the law requires that the trial court test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.* In light of our holdings in *Strackbein* and *Angelo,* as well as the facts set forth above, we conclude that the *Craddock* requirements have been met.

The judgment of the court of appeals is reversed and the cause remanded to the trial court for a new trial.