Swartz v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-086-CR
No. 10-92-087-CR

Â Â Â Â Â MARDIE SWARTZ,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court Nos. 12,731 & 12,732
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Mardie Swartz entered pleas of guilty to the offenses of escape and burglary of a habitation. 
The trial court instructed the jury to find her guilty, and the jury assessed punishment at ten years
for escape


 and seventy-five years for burglary of a habitation.



Â Â Â Â Â Â Swartz's appointed counsel filed a brief in which he concludes that her appeal is without merit
because the record reflects no reversible error. The brief meets the requirements of Anders v.
California by advancing two contentions that might arguably support the appeal.



Â Â Â Â Â Â In point one, Swartz contends that the court erred by admonishing her in the presence of the
jury on the consequences of her guilty plea. At the pretrial hearing Swartz pleaded not guilty to
both offenses. After the jury was empaneled and sworn, however, Swartz pleaded guilty to each
offense. The trial court immediately recessed the jury and admonished Swartz on the
consequences of her guilty pleas.


 The trial court then called the jury back into the courtroom and,
in the presence of the jury, again admonished Swartz before accepting her pleas of guilty to both
offenses. 
Â Â Â Â Â Â Admonitions in the jury's presence could prejudice the defendant and result in a mistrial or
a reversal (such as when it becomes necessary to withdraw the plea of guilty and enter a plea of
not guilty).


 Swartz, however, never sought to withdraw her pleas of guilty and enter pleas of not
guilty. Because no prejudice resulted from the admonition in the jury's presence in this case, we
overrule Swartz's first arguable point of error.
Â Â Â Â Â Â In point two, Swartz contends that the State engaged in improper arguments during the
punishment phase of the trial. The prosecutor twice referred to Swartz as a "killer" during the
opening argument. During closing argument the prosector referred to her prior conviction by
saying that she "cold-bloodedly murdered another human being." Finally, the prosecutor asked
the jury to "give this community hope" and begged the jury to "strongly consider life or 99 years." 
Swartz made no objection to the jury argument.
Â Â Â Â Â Â Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement.


 All other arguments are improper. The general rule is that
the defendant must object to the improper argument to preserve a complaint for appeal.


 When
the jury argument is so prejudicial that an instruction to disregard the argument could not cure the
harm, neither a timely objection nor an adverse ruling is required to preserve the compliant for
appellate review.


 The jury argument in this case, however, was neither prejudicial nor improper.
Â Â Â Â Â Â The State introduced evidence regarding Swartz's prior conviction for murder with a deadly
weapon. The prosecutor's references to Swartz as a "killer" and description of her prior
conviction as a "cold-blooded murder" were, therefore, proper as a reasonable deduction from the
evidence.



Â Â Â Â Â Â The prosecutor's argument to "give this community hope" was not designed to induce the jury
to assess Swartz a particular punishment because the community desired such.


 Rather than
asking the jury to lend its ear to the community, the prosecutor was asking the jury to be the voice
of the community.


 Asking the jury to give the community hope was proper as a plea for law
enforcement.


 Accordingly, we overrule Swartz's second arguable point of error.
Â Â Â Â Â Â After reviewing the statement of facts and the transcript, the Court is in agreement with
Swartz's appointed counsel that the appeal is without merit. The Anders brief contains a certificate
of service to Swartz reflecting counsel's compliance with Anders by sending a copy of the brief,
the statement of facts, and the transcript to Swartz and advising her of her right to file a pro se
brief. As of this date, we have received no brief from Swartz. We have made a full examination
of the record and find no error requiring reversal. We, therefore, find the appeal without merit
and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish



ted.  See
Chavez, 148 S.W.3d at 456.Â  Accordingly, we overrule issues one,
two, three, four and six.

Order Designed to Protect the Safety and Well-Being
of the Children

Â Â Â Â Â  In his fifth and seventh issues, Troy argues that the trial court abused its discretion in failing to enter an order
designed to protect the safety and well-being of the children.Â  Texas Family
Code section 156.1045 provides:

Â an order deferring adjudication of a person who
is a Â joint managing conservator for an offense involving family violence is a
material and substantial change of circumstances sufficient to justify a Â modification
of an existing court order Â that sets the terms and conditions of
conservatorship or for the possession of or access to a child to conform the
order to the requirements of Section 153.004(d).

Â 

Tex. Fam. Code Ann. Â§ 156.1045(a).Â  The order designed to protect
the safety and well-being of the children may include any of the following
requirements:

(A)Â Â Â Â Â Â Â 
the periods of access be
continuously supervised by an entity or person chosen by the court;

(B)Â Â Â Â Â Â Â Â 
the exchange of possession of
the child occur in a protective setting;

(C)Â Â Â Â Â Â Â Â 
the parent abstain from the
consumption of alcohol or a controlled substance, as defined by Chapter 481,
Health and Safety Code, within 12 hours prior to or during the period of access
to the child; or

(D)Â Â Â Â Â Â Â 
the parent attend and complete
a battering intervention and prevention program as provided by Article 42.141,
Code of Criminal Procedure, or, if such such a program is not available,
complete a course of treatment under Section 153.010.

Â 

Tex. Fam. Code Ann. Â§ 153.004(d) (Vernon Supp. 2006).

Â Â Â Â Â  The trial court found that Jayna committed
family violence and ordered her to continue with marriage counseling and comply
with all recommendations of the therapist, comply with all terms and conditions
of her probation, and to provide counseling for the children.Â  The trial court
also ordered that Jayna and Troy were each permanently enjoined from Âconsuming
or using alcohol or any controlled or illegal substance within the twenty-four
hours before or during the period of access to the children,Â and from
Âpossessing alcohol or permitting alcohol to be consumed while the children are
present.ÂÂ  As this order complies with section 153.004(d), we find that the
trial court did not abuse its discretion by failing to enter an order to
protect the safety and well-being of the children.Â  Accordingly, we overrule TroyÂs fifth and seventh issues.

Motion for New Trial

A trial courtÂs denial of a motion for
new trial is reviewed for abuse of discretion. Â Director v. Evans, 889
S.W.2d 266, 268 (Tex. 1994); Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987).Â  An abuse of discretion occurs when a trial court fails to correctly analyze or
apply the law. Â Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

Troy sought a new trial on two
grounds: Â (1) under the authority of Texas Family Code section 153.004(b), the
trial court erred in appointing the parties as joint managing conservators, and
(2) Jayna did not rebut the section 153.004(b) presumption that her appointment
as the managing conservator, with the exclusive right to determine the primary
residence of the children, was not in the best interest of the children.Â  See
Tex. Fam. Code Ann. Â§
153.004(b).Â  Having determined that section 153.004(b) does not apply in the
present case and that the order entered was in the best interest of the
children, we find that the trial court did not abuse its discretion in denying TroyÂs motion for new trial.Â  We overrule his eighth issue.




Conclusion

Â Â Â Â Â  Having overruled TroyÂs eight issues, we
affirm the judgment of the trial court.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed February 21, 2007

[CV06]








Â 









[1]Â Â Â  Jayna contends that she did not
plead guilty to domestic violence although she testified to the contrary at
trial.Â  Her probation officer stated that the domestic violence charge was
dropped.Â  However, the Disposition and Final Order in the criminal proceeding
indicates that she pled guilty to domestic violence.





[2]Â Â Â  The record reflects that the ad
litemÂs recommendation is consistent with the trial courtÂs order.