Affirmed and Memorandum Opinion filed October 26, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00798-CV



 

Mike Vance, Appellant

V.

Gus Tamborello, INDEPENDENT ADMINISTRATOR WITH WILL AND CODICIL
ANNEXED OF THE ESTATE OF ROBERT WESLEY VANCE, DECEASED, Appellee

 



On Appeal from the Probate Court
No 2

Harris County, Texas

Trial Court Cause No. 376,481-401



 

MEMORANDUM  OPINION

 

In this appeal, Mike Vance challenges the declaratory
judgment ordering the method of distribution of the personal property of the
estate of Robert Vance, appellant’s father.  In a single issue, appellant
argues he did not receive notice of the trial at which appellee Gus Tamborello’s
petition for declaratory judgment was heard.  We affirm.

I

Robert and Ruby Vance had three children, Mike, Mark,
and Joe.  Ruby died on December 27, 2006, leaving all her personal property to
Robert and the remainder of her estate in trust to Robert for life.  Robert
died on November 20, 2007.  Mike, Mark, and Joe were the beneficiaries of
Robert’s will, which was admitted to probate on December 11, 2007.  Appellee,
Gus Tamborello, was appointed as independent administrator of Robert’s estate. 


Robert executed a codicil to his will, which provides
that he may leave a memorandum to his executor expressing his wishes regarding
the distribution of personal property, which the executor may, but is not
required, to follow.  The codicil further provides that if the executor is
unable to find the memorandum, Robert’s personal property should be distributed
to Ruby.  If Ruby predeceases Robert, his personal property is to be
distributed to the children (Mike, Mark, and Joe) in equal shares with
particular items to be allotted as they may agree.  If the children are unable
to agree, the executor shall decide the distribution of personal property.

Because the sons were unable to agree on the
distribution of personal property, Tamborello filed a petition for declaratory
judgment on April 9, 2009.  In the petition, Tamborello sought a declaration
and instruction from the probate court as to the manner in which the items of
personal property should be distributed or otherwise disposed.  On June 22,
2009, Tamborello sent a notice of trial setting via certified mail, return
receipt requested, to Mike, Mark, and Joe.  The notice stated that the trial on
the petition for declaratory judgment was set for August 10, 2009, at 9:00
a.m.  The record contains a return receipt showing an envelope addressed to
appellant was delivered on June 29, 2009.  The signature box for “agent” is
checked, but the signature is illegible.  An amended notice of trial setting
was sent July 30, 2009, stating that the trial setting had been moved from 9:00
a.m. to 1:30 p.m. on August 10, 2009.  A return receipt signed by J. Smythe, as
agent for Mike, is also in the record.  Finally, the record contains a hard
copy of an email sent from Mike to Tamborello at 10:44 a.m., on August 10,
2009, in which Mike states, “Gus, I will not be able to attend this afternoon’s
hearing.  I have a prior commitment.”

At the beginning of the trial on August 10, 2009, the
trial court asked whether Mike would be attending.  Tamborello responded that
he received an email from Mike at 10:44 that morning stating he would not be
able to attend.  The trial court entered a declaratory judgment in which it
appointed William M. Perlmutter to oversee the distribution of Robert’s
personal property.  Perlmutter was instructed to facilitate the random
selection of order in which the three brothers would choose the desired items
of personal property.  The court ordered the selection process to be completed
no later than August 28, 2009.  This appeal followed.

II

In a single issue, Mike contends he did not receive
proper notice of trial.  The trial court’s judgment states that Mike, Mark, and
Joe all appeared for trial.  Mike does not challenge this part of the judgment.
 Mike’s appearance at trial renders moot his complaint about inadequate or
improper notice of the trial setting and, for this reason alone, he cannot
prevail on appeal.  But even if we presume Mike did not appear for trial, for
reasons explained below, we find no merit in his argument.

Mike contends Tamborello violated section 297 of the
Probate Code.  However, section 297 refers to notice to holders of secured
claims and does not apply in this instance.  Tex. Prob. Code Ann. § 297.  In addressing whether Mike
received notice of the trial on the petition for declaratory judgment, we look
to the standard for notice set out in the Texas Rules of Civil Procedure. 

The law presumes that a trial court will hear a case
only after giving proper notice to the parties.  Tex. Dep’t of Pub. Safety
v. Mendoza, 956 S.W.2d 808, 812–13 (Tex. App.—Houston [14th Dist.] 1997, no
pet.).  Under Texas Rule of Civil Procedure 21a, all notices other than
citation—including notification of trial settings—may be served by delivering a
copy to the party (1) in person, (2) by agent, (3) by courier-receipted
delivery, or (4) by certified or registered mail, properly addressed with
prepaid postage, to the party’s last known address.  See Tex. R. Civ. P.
21a; Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied).  If notice of a trial setting is delivered by one of
these four authorized methods, Rule 21a creates a presumption that the notice
was received by the addressee.  See Tex. R. Civ. P. 21a; Mathis v.
Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).

Due process requires “notice reasonably calculated,
under the circumstances, to apprise interested parties of the pendency of the
action and afford them an opportunity to present their objections.”  Peralta
v. Heights Med. Ctr., Inc., 485 U.S. 80, 84 (1988).  A certificate by a
party or an attorney of record is prima facie evidence of the fact of service.  Mathis,
166 S.W.3d at 745.  However, the opposing party may rebut this presumption by
offering proof that the notice or document was not received.  Cliff v.
Huggins, 724 S.W.2d 778, 780 (Tex. 1987); Tex. R. Civ. P. 21a.  If this
presumption is not rebutted, then the trial court does not abuse its discretion. 
Tex. R. Civ. P. 21a.

A

In this case, Tamborello presented a copy of his
notice of trial setting filed June 22, 2009, more than 45 days prior to the trial
scheduled for August 10, 2009.  See Tex. R. Civ. P. 245.  He also
produced copies of return receipt “green cards” showing Mike received the
notices including the notice sent July 30, 2009, informing the parties of the
change in time for the trial.  Not only did Mike fail to rebut Tamborello’s
evidence, but Tamborello introduced a hard copy of an email he received from Mike
at 10:44 on the morning of the trial.  In the email, Mike explained that he
would be unable to attend that afternoon.  Based on the unchallenged recitation
in the trial court’s judgment that Mike appeared for trial, we presume he was
present but, in any event, the record reflects that Mike received notice of the
trial setting.  Mike’s sole issue is overruled.

B

By cross-issue, Tamborello argues Mike should be
sanctioned for filing a frivolous appeal and failing to satisfy the briefing rules.
 Specifically, Tamborello requests that the appeal be dismissed and Mike be
assessed at least $15,000 payable to Robert’s estate.  

If this court determines an appeal is frivolous, it
may, on its own initiative or on motion of any party and after notice and a
reasonable opportunity for response, award each prevailing party just damages.  Tex.
R. App. P. 45.  In determining whether to award damages, we must not consider
any matter not appearing in the record, briefs, or other papers filed in this
court.  Id.  Whether to grant sanctions for a frivolous appeal is a
matter of discretion that this court exercises with prudence and caution and
only after careful deliberation in truly egregious circumstances.  Goss v.
Houston Cmty. Newspapers, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th
Dist] 2008, no pet.).  This court currently requires the appeal to be both
objectively frivolous and subjectively brought in bad faith or for the purpose
of delay.  See Azubuike v. Fiesta Mart, Inc., 970 S.W.2d 60, 66 (Tex.
App.—Houston [14th Dist.] 1998, no pet.).

Tamborello does not argue Mike brought the appeal in
bad faith or for the purpose of delay.  We have reviewed the documents before
this court and find no evidence Mike did so.  We therefore overrule Tamborello’s
cross-issue. 

* * *

Having overruled appellant’s single issue, we affirm
the trial court’s judgment.

 

                                                                                    

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.