

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00230-CV

CONNIE KNAPP DOWDY D/B/A        APPELLANT
GREEN GOLD HAY

V.

LUTZ HAY              APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Connie Knapp Dowdy d/b/a Green Gold Hay (Dowdy) appeals the judgment entered against her and in favor of Appellee Lutz Hay (Hay). Dowdy contends in one issue that she did not receive notice of the trial setting. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Background

Hay filed this suit on account action against Dowdy alleging $53,895.51 in amounts past due. Dowdy initially filed a pro se answer but subsequently retained counsel. On May 3, 2010, Dowdy's counsel filed a motion to withdraw as counsel. The motion specifically stated that it was delivered to Dowdy's last known address and that the trial was scheduled for June 1, 2010, at 3 p.m. The motion to withdraw also included a certificate of conference, signed by Dowdy's counsel, stating that "a true and correct copy of the foregoing was served on all parties and/or their attorney of record on May 3, 2010." The trial court granted the motion to withdraw by order dated May 26, 2010.

The case was called for trial as scheduled on June 1, 2010. Hay appeared for trial and presented evidence, but Dowdy did not appear in person or through counsel. That same day, the trial court signed a judgment in favor of Hay. Dowdy did not file a motion for new trial, but she did file a notice of this appeal within thirty days of the June 1, 2010 judgment.

## III. Analysis

Dowdy asserts in her sole issue that she did not receive notice of the trial setting. "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." Tex. R. Civ. P. 21a. "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The presumption may be rebutted

2

by an offer of proof that the notice was not received, but "[i]n the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

Here, Dowdy's counsel certified pursuant to rule 21a that she served a copy of the motion to withdraw on Dowdy on May 3, 2010. The motion to withdraw as counsel included a statement that trial was scheduled for June 1, 2010, at 3 p.m. The certificate of service pursuant to rule 21a created a presumption that Dowdy received notice of the June 1, 2010 trial setting. *Mathis*, 166 S.W.3d at 745; *Cliff*, 724 S.W.2d at 780. But Dowdy did not file a motion for new trial or otherwise attempt in the trial court to rebut the presumption that she received notice of the June 1, 2010 trial setting. We therefore overrule Dowdy's sole issue because, in the absence of evidence rebutting the presumption that she received notice of the June 1, 2010 trial setting, the presumption "has the force of a rule of law." *Cliff*, 724 S.W.2d at 780.

## IV. Conclusion

Having overruled Dowdy's sole issue, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED: April 14, 2011

3