02-10-230-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00230-CV

 

 


 
 
 Connie Knapp Dowdy d/b/a Green Gold Hay
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Lutz Hay
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          

I. 
Introduction

          Appellant
Connie Knapp Dowdy d/b/a Green Gold Hay (Dowdy) appeals the judgment entered
against her and in favor of Appellee Lutz Hay (Hay). Dowdy contends in one
issue that she did not receive notice of the trial setting. We affirm.

II. 
Background

          Hay
filed this suit on account action against Dowdy alleging $53,895.51 in amounts
past due.  Dowdy initially filed a pro se answer but subsequently retained
counsel.  On May 3, 2010, Dowdy’s counsel filed a motion to withdraw as counsel. 
The motion specifically stated that it was delivered to Dowdy’s last known
address and that the trial was scheduled for June 1, 2010, at 3 p.m.  The
motion to withdraw also included a certificate of conference, signed by Dowdy’s
counsel, stating that “a true and correct copy of the foregoing was served on
all parties and/or their attorney of record on May 3, 2010.”  The trial court
granted the motion to withdraw by order dated May 26, 2010.

          The
case was called for trial as scheduled on June 1, 2010.  Hay appeared for trial
and presented evidence, but Dowdy did not appear in person or through counsel. 
That same day, the trial court signed a judgment in favor of Hay.  Dowdy did
not file a motion for new trial, but she did file a notice of this appeal within
thirty days of the June 1, 2010 judgment.

III. 
Analysis

          Dowdy
asserts in her sole issue that she did not receive notice of the trial
setting.  “A certificate by a party or an attorney of record, or the return of the
officer, or the affidavit of any person showing service of a notice shall be
prima facie evidence of the fact of service.”  Tex. R. Civ. P. 21a.  “[N]otice
properly sent pursuant to Rule 21a raises a presumption that notice was
received.”  Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).  The
presumption may be rebutted by an offer of proof that the notice was not
received, but “[i]n the absence of evidence to the contrary, the presumption
has the force of a rule of law.”  Cliff v. Huggins, 724 S.W.2d 778, 780
(Tex. 1987).

Here,
Dowdy’s counsel certified pursuant to rule 21a that she served a copy of the
motion to withdraw on Dowdy on May 3, 2010.  The motion to withdraw as counsel
included a statement that trial was scheduled for June 1, 2010, at 3 p.m.  The
certificate of service pursuant to rule 21a created a presumption that Dowdy
received notice of the June 1, 2010 trial setting.  Mathis, 166 S.W.3d
at 745; Cliff, 724 S.W.2d at 780.  But Dowdy did not file a motion for
new trial or otherwise attempt in the trial court to rebut the presumption that
she received notice of the June 1, 2010 trial setting.  We therefore overrule
Dowdy’s sole issue because, in the absence of evidence rebutting the
presumption that she received notice of the June 1, 2010 trial setting, the
presumption “has the force of a rule of law.”  Cliff, 724 S.W.2d at 780.

IV. 
Conclusion

          Having
overruled Dowdy’s sole issue, we affirm the trial court’s judgment.

 

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and GABRIEL, JJ.

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.