**Opinion issued September 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00836-CV

———————————

**GORDON R. GOSS, Appellant**

**V.**

**THE CITY OF HOUSTON, Appellee**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2010-12979

## DISSENTING OPINION

In his first two issues, Goss argues that the trial court erred by granting the City of Houston greater relief than it had requested by dismissing his Title VII claims. Because the trial court improperly disposed of Goss's federal claims, I respectfully dissent.

The parties dispute whether the trial court disposed of Goss's federal Title VII claims in the June 21 order or in the August 25 order. The City of Houston's plea to the jurisdiction was set for a hearing on June 4, 2010. At the time that the City of Houston filed its plea to the jurisdiction, Goss had only asserted his state TCHRA claims. Accordingly, the City of Houston only sought dismissal of those claims.

Seven days before the June 4 hearing, Goss filed an amended petition, asserting new claims under Title VII. The June 21 order recognized that the City of Houston's plea to the jurisdiction was based on Goss's original petition, which only asserted the TCHRA claims. It ordered, however, "that . . . Goss'[s] suit against Defendant City of Houston, and each and every claim asserted in the Original Petition is DISMISSED with prejudice."

Focusing on the fact that the order only specifically dismissed his claims asserted in his original petition, which did not include his Title VII claims, Goss argued in his motion for reconsideration that the trial court had not dismissed his Title VII claims. Accordingly, Goss argued, the "Court record" had improperly designated the entire case as dismissed. He also argued in his motion that the TCHRA claims should be reinstated.

A hearing on the motion for reconsideration was set for August 16. Four days (two business days) before the hearing, the City of Houston filed its response.

2

The City of Houston argued that the amended petition had no effect because it had never been served a copy of the pleading. It also included in its response a new plea to the jurisdiction and a motion for summary judgment, arguing that (1) Goss's amended petition asserting Title VII claims was not filed within 90 days of his right to sue letter; (2) the amended petition does not relate back to the original petition; (3) tolling does not apply; and (4) the City of Houston was immune from suit for intentional torts.

There is no indication that the City of Houston attempted to set its motions for the August 16 hearing date secured by Goss. Nevertheless, it did submit proposed orders to the trial court (1) denying Goss's motion for reconsideration, (2) granting its motion for summary judgment on Goss's Title VII claims, and (3) granting its plea to the jurisdiction for Goss's Title VII claims.

On August 25, the trial court signed only one of those proposed orders: the order denying Goss's motion for reconsideration. It explicitly stated that the motion for reconsideration was denied. It also ordered "that . . . Goss'[s] suit against Defendant City of Houston, and each and every claim asserted in this cause, is DISMISSED with prejudice."

It is not necessary to resolve which order disposed of Goss's Title VII claims because I would hold that it was error to have dismissed them regardless of which order actually dismissed them.

3

The City of Houston's original plea to the jurisdiction only sought dismissal of Goss's TCHRA claims. Assuming without deciding that the June 21 order also disposed of the Title VII claims, the trial court gave the City of Houston greater relief than what it sought. It is reversible error for a trial court to grant the moving party more relief than it is entitled to. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001).

Neither do we have to decide whether the Aug 25 order disposed of the Title VII claims, because the error remains. The City of Houston argues that Goss, in his motion for reconsideration, "expressly asked the trial court to consider the new claims asserted in the Amended Petition." I disagree. Goss simply explained in his motion that his Title VII claims had not been adjudicated. Nowhere in his motion, however, did he actually ask the trial court to dispose of them. His prayer for relief only asked the trial court to reinstate the claims it had previously dismissed.

While the City of Houston included in its response to Goss's motion for reconsideration another plea to the jurisdiction as well a motion for summary judgment on Goss's Title VII claims, it never set these for consideration for the hearing that was two business days away or for any other hearing. Indeed, trying to set them for the hearing two business days away would have been improper. *See* TEX. R. CIV. P. 21 (requiring motions and notices of hearings to be served on

4

opposing party not less than three days before hearing), 166a(c) (requiring motion for summary judgment to be served on opposing party at least 21 days before hearing). Moreover, the trial court only signed the order denying Goss's motion for reconsideration without ruling on the City of Houston's second plea to the jurisdiction or motion for summary judgment. Accordingly, the record indicates that no motion or other plea was properly before the trial court to allow it to rule on the propriety of Goss's Title VII claims.[1]

The City of Houston argues on appeal that the trial court lacked jurisdiction to consider the Title VII claims and, accordingly, could consider the issue sua sponte. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (holding courts are obligated to review sue sponte issues affecting jurisdiction). The Fifth Circuit has held, however, "The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Because the ninety-day

---

[1] To be clear, because the viability of Goss's Title VII claims was never before the trial court, it cannot be considered on appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (recognizing Texas courts' constitutional prohibition on issuing advisory opinions). Accordingly, I express no opinion on the viability of these claims.

filing requirement, with respect to Goss's Title VII claims, was not jurisdictional, the trial court could not consider it sua sponte.[2]

Finally, the City of Houston argues that, because it never received notice of the amended petition, the amended petition was not properly filed with the trial court at least seven days before the June 4 hearing on its first motion for summary judgment. Accordingly, the City of Houston argues, the live petition at the time of the June 21 order was the original petition, and the June 21 order disposed of all claims and parties. *See* TEX. R. CIV. P. 63 (prohibiting amendment of pleading within seven days of trial); *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (applying rule 63 to motions for summary judgment).[3]

There is no evidence in the record, however, showing that the City of Houston was not served. "A certificate by . . . an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a. This rule sets up a presumption that notice was duly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987); *see also In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (applying rule to service of amended petitions). "In

---

[2] Section 311.034 of the Texas Government Code does not apply in this circumstance, because it does not apply to federal statutes. *See* TEX. GOV'T CODE ANN. § 311.002 (Vernon 2005) (applying chapter 311 to certain codes, statutes, and rules adopted under codes that were enacted by Texas Legislature).

[3] The City of Houston filed a motion for summary judgment along with its first plea to the jurisdiction, raising the same arguments in each filing.

the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff*, 724 S.W.2d at 780. The opposing party may rebut the presumption by an offer of proof. *Id.*

Goss included a certificate of service with his amended petition, stating that the City of Houston had been served with a copy of the amended petition. The City of Houston did not present any offer of proof, however, to establish that it was not served with the amended petition. As a result, the presumption stands. *See id.* Accordingly, there is no evidence in the record to show that the amended pleading was not properly filed or that it did not supersede the original petition.

The conclusion from this analysis is that the trial court erred by dismissing Goss's Title VII claims when the claims were never properly before the trial court. I would sustain Goss's first two issues.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Higley, J., dissenting.