**Reversed and Remanded and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00125-CV

---

### ROBERT DUNLAP, Appellant

### V.

### SUNTHENOIL, LLC, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-41128**

---

## MEMORANDUM OPINION

Appellant Robert Dunlap asks us to reverse the no-answer default judgment against him on the grounds that (1) service was defective, (2) he was never served, (3) the judgment does not conform to the pleadings, and (4) the plaintiff neither alleged nor proved that the condition precedent to its recovery of liquidated damages had occurred. Because we conclude that Dunlap satisfied the elements of the *Craddock* test for setting aside a no-answer default judgment, we reverse the

judgment and remand the case for new trial.

## I. BACKGROUND

Sunthenoil, LLC sued Dunlap for breach of contract, seeking actual damages and liquidated damages as provided in the parties' agreement. In the contract, the parties stated that Sunthenoil had provided Dunlap with presentations and business plans to be used in raising funds for investment from foreign sources, and that Sunthenoil additionally would loan Dunlap $640,900 for ninety days so that Dunlap could purchase a Swiss shell company into which the foreign funds could be deposited. Dunlap was to use the foreign funds for two transactions that the parties referred to as "Future Investments." Specifically, Dunlap was to purchase an interest in Sunthenoil for $9 million and invest a further $7.5 million in another company. Dunlap was to complete these transactions not later than August 20, 2012. The parties agreed that if Dunlap obtained the foreign funds required for the Future Investments but did not complete the transactions, then he would pay Sunthenoil $10 million as liquidated damages.

Sunthenoil alleged in its pleading that it had fully performed its contractual obligations, and sought damages of $640,900 for Dunlap's failure to repay the loan, and a further $10 million as provided under the contract's liquidated-damages provision. Finally, Sunthenoil alleged in its pleading that all conditions precedent had been performed or had occurred. The process server repeatedly attempted to personally serve Dunlap at his home or business, but was unsuccessful. Sunthenoil therefore obtained a court order authorizing it to serve Dunlap by alternative means.

After the process server filed a return of service showing compliance with the order's terms, Sunthenoil moved for a no-answer default judgment. The trial court granted the motion, awarding Sunthenoil the full amount of damages

2

requested.

Dunlap moved for a new trial on the ground that he was never served, and thus, his failure to answer was neither intentional nor the result of conscious indifference, but instead was due to accident or mistake. The trial court denied the motion, and Dunlap filed this appeal.

## II. THE *CRADDOCK* TEST

Although Dunlap presents four issues for our review, it is unnecessary for us to address them all. Because we conclude that he satisfied all of the elements of the *Craddock* test, we do not address his remaining issues. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

Under *Craddock*, a trial court must set aside a default judgment if (a) "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident"; (b) "the motion for a new trial sets up a meritorious defense"; and (c) granting the motion for a new trial "will occasion no delay or otherwise work an injury to the plaintiff." *Id.* We review the denial of a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987)). The trial court abuses its discretion in denying a defaulting party's motion for new trial if the elements of the *Craddock* test have been met. *Id.* (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam)).

**A.    Dunlap established that his failure to answer was neither intentional nor due to conscious indifference.**

The first *Craddock* element is satisfied when (1) the defendant's factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant; and (2) the plaintiff does not controvert those factual assertions. *See*

*Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)); *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984)). Dunlap satisfied this requirement with his factual assertion concerning his lack of knowledge that he was served.

Here, the trial court's order for substituted service required Dunlap to be served in multiple ways. Among other methods, the process server was required to leave a copy of the citation and petition (1) with anyone over sixteen years of age at Dunlap's home or business, or (2) securely attached to the front door of Dunlap's home. The return shows that the process server attached the citation and petition to Dunlap's front door, but in support of his motion for new trial, Dunlap stated, "To my knowledge, the petition was never left at my home . . . or at my office . . . ."[1]

If true, this statement negates intentional or consciously indifferent conduct, because it would mean that Dunlap did not know that he had been served as ordered by the trial court. *See Evans*, 889 S.W.2d at 269 (stating that when determining whether the first *Craddock* factor has been satisfied, courts must look to the defendant's knowledge and actions). Thus, Dunlap's denial of any knowledge that the petition was left at his home or business is the same as a statement that he did not know—or does not recall—being served as ordered. *See Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.) (explaining that if the trial court orders substituted service, then service must be accomplished without deviation from the trial court's order). And if

---

[1] Although evidence in support of a motion for new trial commonly is presented in the form of an affidavit, an unsworn declaration made in compliance with Texas Civil Practice and Remedies Code section 132.001 may be used in lieu of an affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2014). Dunlap's motion for new trial was supported by such a declaration.

Dunlap did not know or did not recall that he had been served, then he did not know that he was required to answer the suit. *See Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) ("Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act.").

On these facts, we conclude that Dunlap's uncontroverted statement denying knowledge that the substituted service had been performed is sufficient to establish that his failure to answer was neither intentional nor the result of conscious indifference. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam) (holding that a defendant satisfied the first *Craddock* element where its registered agent testified that he did not recall being served and the plaintiff did not controvert the testimony). Thus, the first *Craddock* element is satisfied.

## B. Dunlap set up a meritorious defense.

To determine if a defendant has set up a meritorious defense, we look to the facts alleged in its motion and affidavit, regardless of whether they are controverted. *See Evans*, 889 S.W.2d at 270.

As previously discussed, Dunlap's contract with Sunthenoil provided that if Dunlap obtained foreign funds sufficient to complete the Future Investments but failed to do so, then he would pay Sunthenoil $10 million as liquidated damages. Dunlap asserted that the liquidated-damages provision of the contract was never triggered, because he did not obtain the foreign funds. This fact, if true, constitutes a failure of a condition precedent to Sunthenoil's right to liquidated damages. Because this constitutes a meritorious defense, *Craddock*'s second element is satisfied.

5

**C.      Granting the motion for new trial would not delay or injure Sunthenoil.**

Regarding the third element of the *Craddock* test, Dunlap asserted in his motion that a new trial would not delay or prejudice the parties in any manner, and that he was "willing and able to proceed with this cause as required" by the trial court. In addition, he offered to reimburse Sunthenoil its reasonable and necessary attorney's fees incurred "in attending the default hearing if found to be fair and equitable" by the trial court.

Once Dunlap alleged that granting a new trial would not delay or prejudice Sunthenoil, the burden shifted to Sunthenoil to prove injury. *See Dolgencorp*, 288 S.W.3d at 929. Because Sunthenoil did not dispute the absence of any injury, the third element of the *Craddock* test is satisfied.

### III. CONCLUSION

Because each of the *Craddock* elements has been satisfied, the trial court abused its discretion in denying Dunlap's motion for new trial. We accordingly reverse the judgment and remand the case for further proceedings consistent with this opinion.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Donovan, and Wise.