ACCEPTED
04-15-00233-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/16/2015 1:29:25 PM
KEITH HOTTLE
CLERK

NO. ___04-15-00233-CV_____

IN THE COURT OF APPEALS

THE FOURTH DISTRICT OF TEXAS

SAN ANTONIO TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/16/2015 1:29:25 PM
KEITH E. HOTTLE
Clerk

JEREMIAH MARTIN, and all other OCCUPANTS

Appellant

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION

Appellee.

Appeal from the County Court at Law Number Three
Bexar County, Texas
Trial Court Case No. 2015CV01933
Hon. David Rodrigquez, presiding

**Oral Argument Requested**

## APPEAL OF DISMISSAL OF MOTION TO REINSTATE FORCIBLE DETAINER APPEAL TO BEXAR COUNTY BRIEF FOR APPELLANT

1

# Identity of the Parties

**Appellant/Defendant**

Jeremiah Martin

**Counsel for Appellant/Defendant**

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
(Appellate, Post-trial, and Appellate)


**Appellee/Plaintiff**

FEDERAL NATIONAL MORTGAGE ASSOCIATION

**Counsel for Appellee/Plaintiff**

Jeff Lewis
Texas State Bar No. 12290000
Robertson Anschutz Vetters
10333 Richmond Avenue, Suite 550
Houston, Texas 77042
Phone: (713) 980-9500
Fax: (713) 888-2703
(Appellate, Post-trial, and Appellate)

# Table of Contents

Identity of Parties and Counsel .................................................................................2

Table of Authorities ................................................................................................4

Statement of the Case............................................................................................ 5-6

Statement Regarding Oral Argument ........................................................................7

Issues Presented ......................................................................................................8

Statement of Facts.................................................................................................. 9-10

Summary of the Argument......................................................................................11

Argument................................................................................................................11

  The Cliff v. Huggins Holding........................................................................11

Prayer ....................................................................................................................13

Certificate of Service .............................................................................................14

Certificate of Compliance .......................................................................................14

# Table of Authorities

Cases                                                                      Page

*Cliff v Huggins,* 724 S.W.2d 778 ...........................................................................10

*Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Comm'n App.1942, opinion adopted) ...........................................................................10

**Texas Rules of Civil Procedure**

Texas Rule of Civil Procedure 21a .........................................................................10

Texas Rule of Civil Procedure 143a .......................................................................11

## Statement of the Case

1. On February 3, 2015, Bexar County Justice Court, Precinct 3-1 issued judgment in forcible detainer Cause 31E1500070 in favor of the Appellee. See Exhibit A.

2. On February 9, 2015 the Appellant perfected an appeal. See Exhibit B.

3. The Defendant nor his attorney of record received the notice prescribed under Texas Rules of Civil Procedure 143a, setting the 20 day time period within which the appellant must pay the court costs (TRCP 143a notice).

4. March 17, 2015, the Bexar County Clerk sent the Defendant's attorney a notice stating the appeal was being dismissed for failure to pay the court costs under TRCP 143a.

5. The Bexar County Clerk sent the notice certified mail return receipt property addressed to the Defendant's attorney, as required by TRCP 21a. However, the Defendant's attorney never received the notice.

6. The 20 day notice was mis-delivered, because the return receipt was signed by someone other than James Minerve or one of his employees. See Exhibit C.

7. Attorney James Minerve operates out of a home office at 115 Saddle Blanket Trail, Buda, Texas 78610. Mr. Minerve employed only two persons at all

times relevant to this matter, legal assistants Kevin Gates and Maria Rogers.

8. Mr. Minerve nor his legal assistants signed the return receipt, and neither of them received the 20 day notice.

9. A properly addressed notice placed in the US mail certified return receipt requested creates a rebuttable presumption that the Defendant received notice. However, if receipt of the notice is challenged, the presumption vanishes; and if the Defendant proves he didn't receive notice, as in this case, the Defendant is deemed to not have been notified as required by TRCP 143a. In this case, the Defendant's appeal and supersedeas bond is still in effect.

## Statement Regarding Oral Argument

Pursuant to Texas Rules of Appellate Procedure 39.1, Jeremiah Martin requests oral

argument and submits that it would materially aid the decisional process in this case.

## Issues Presented

Appellant respectfully submits the following motion for rehearing brief which outlines the legal framework in which the Court should consider the following:

1.      Whether the Defendant received notice required by TRCP 143a?

## STATEMENT OF FACTS

10. On February 3, 2015, Bexar County Justice Court, Precinct 3-1 issued judgment in forcible detainer Cause 31E1500070 in favor of the Appellee. See Exhibit A.

11. On February 9, 2015 the Appellant perfected an appeal. See Exhibit B.

12. The Defendant nor his attorney of record received the notice prescribed under Texas Rules of Civil Procedure 143a, setting the 20 day time period within which the appellant must pay the court costs (TRCP 143a notice).

13. March 17, 2015, the Bexar County Clerk sent the Defendant's attorney a notice stating the appeal was being dismissed for failure to pay the court costs under TRCP 143a.

14. The Bexar County Clerk sent the notice certified mail return receipt property addressed to the Defendant's attorney, as required by TRCP 21a. However, the Defendant's attorney never received the notice.

15. The 20 day notice was mis-delivered, because the return receipt was signed by someone other than James Minerve or one of his employees. See Exhibit C.

16. Attorney James Minerve operates out of a home office at 115 Saddle Blanket Trail, Buda, Texas 78610. Mr. Minerve employed only two persons at all

times relevant to this matter, legal assistants Kevin Gates and Maria Rogers.

17. Mr. Minerve nor his legal assistants signed the return receipt, and neither of them received the 20 day notice.

## SUMMARY OF THE ARGUMENT

A properly addressed notice placed in the US mail certified return receipt requested creates a rebuttable presumption that the Defendant received notice. However, if receipt of the notice is challenged, the presumption vanishes; and if the Defendant proves he didn't receive notice, as in this case, the Defendant is deemed to not have been notified as required by TRCP 143a. In this case, the Defendant's appeal and supersedeas bond is still in effect.

## ARGUMENT

Whether the Defendant received notice required by TRCP 143a?

**The Cliff v Huggins Holding**

The County Court dismissed the Defendant's motion to reinstate its appeal because the County Court held that a properly addressed notice placed in the US mail certified return receipt requested is irrefutable that notice under TRCP 21a has been satisfied. The County Court ignored case law. In Cliff v Huggins, the Texas Supreme Court held that a properly addressed certified return receipt notice creates a rebuttable presumption notice was received; however, if the receipt of the notice is challenged, the presumption vanishes; and if the Defendant proves that notice was in fact not received; then notice required by TRCP 21a is deemed not met. *Cliff v Huggins,* 724 S.W.2d 778, 780, ( (2987) (holding, "Rule 21a sets up a presumption

that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. See *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Comm'n App.1942, opinion adopted). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.*, 159 S.W.2d at 857. The presumption, however, is not "evidence" and it vanishes when opposing evidence is introduced that the letter was not received.").

The green card return receipt, Exhibit C, clearly shows that the return receipt was signed by someone other than James Minerve (the Defendant's attorney of record), Kevin Gates (James Minerve's legal assistant), or Maria Rogers (James Minerve's legal assistant and only other employee at all times relevant to this matter). James Minerve has complete control over his home/office, lives alone, and no one other than James Minerve or his employees could receive mail at his home/office. Given that the Defendant has produced evidence and the Bexar County Clerk has not adduced any evidence, and the presumption of service has vanished, according to Texas Supreme Court jurisprudence, the Defendant is deemed not to have been notified as required by TRCP 143a. Therefore, the Defendant's appeal and supersedeas bond is still in effect.

## **PRAYER**

1.     The Appellant/Defendant prays the Court reinstates the Appellant's/Defendant's forcible detainer appeal to Bexar County Court, Cause 2015CV01933.

2.     The Appellant/Defendant prays the Court recalls the writ issued by the lower court.

Date: April 16, 2015                                        Respectfully submitted,

                                                                /s/ JAMES MINERVE
                                                                James Minerve
                                                                State Bar No. 24008692
                                                                115 Saddle Blanket Trail
                                                                Buda, Texas 78610
                                                                (210) 336-5867
                                                                (888) 230-6397 (Fax)
                                                                Attorney for Appellant
                                                                Jeremiah Martin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent to the Appellee in accordance with the Texas Rules of Civil Procedure on this 16th day of April, 2015:

Jeff Lewis
Robertson Anschutz Vetters
10333 Richmond Avenue, Suite 550
Houston, Texas 77042
Phone: (713) 980-9500
Fax: (713) 888-2703

/s/ James Minerve
_____
James Minerve

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 695.

/s/ James Minerve
_____
James Minerve