# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00675-CV

**Luz Maria Oranday, Appellant**

**v.**

**Henry Briceno, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-24-000776, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Luz Maria Oranday, appearing pro se, appeals from the trial court's final summary judgment (Judgment) rendered in favor of Henry Briceno on his claim for breach of contract. Oranday argues on appeal that she was denied due process because she did not receive notice of Briceno's motion or the hearing on it. For the following reasons, we will affirm.

## BACKGROUND

Briceno filed suit against Oranday, his landlord, for breach of contract in connection with a loan he allegedly made to her. Oranday answered and, within the body of her answer, specified her email and mailing address. She later filed a counterclaim, alleging that Briceno was liable for unpaid rent.

Briceno filed a traditional and no-evidence motion for summary judgment and a notice of hearing, attaching thereto a certificate of service indicating the motion was served on

August 12, 2024, at the email address Oranday listed in her answer. On August 13, 2024, Briceno also served by USPS Priority Mail a copy of the motion at the physical address indicated by Oranday in her answer. On August 16, 2024, he filed with the court a supplemental certificate of service to which he attached a copy of the postage receipt and a tracking certificate confirming delivery at the physical address provided by Oranday in her answer.

The trial court conducted the noticed hearing on Briceno's motion on September 17, 2024. Oranday did not appear. Thereafter, the trial court rendered an order granting Briceno's no-evidence motion as to Oranday's counterclaim and then rendered its September 19, 2024 Judgment granting Briceno's traditional summary-judgment motion on Briceno's breach-of-contract claim and incorporating its ruling granting Briceno's no-evidence motion as to Oranday's counterclaim. The Judgment awarded Briceno damages of $17,000; attorneys' fees of $3,125; and court costs.

On October 16, 2024, Oranday filed with the trial court a handwritten letter. In the letter, Oranday wrote that she is "filing an appeal because the plaintiff did not provide me with notice of any hearing" and that she "is contesting any and all evidence." She filed another handwritten letter two days later, in which she requested the court to "vacate the judgment" and allow her to have her "day in court" because Briceno did not give her notice of the hearing or provide her with a copy of his motion, depriving her of her "opportunity to respond." The trial court and this Court construed Oranday's October 16, 2024 letter as a notice of appeal.

## DISCUSSION

In one issue, Oranday argues that she did not receive notice of Briceno's motion or the hearing on the motion and was, therefore, denied due process. Briceno correctly responds

2

that the two certificates of service in the record—which comply with the applicable rule—establish a rebuttable presumption that Oranday received his motion and notice of hearing. *See* Tex. R. Civ. P. 21a(b)(1), (3), (e); *Quintero v. Alvarez*, No. 14-23-00422-CV, 2024 WL 1103059, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, no pet.) (mem. op.). The certificates of service are prima facie evidence of the fact of service, but the presumption may be rebutted when opposing evidence is introduced that a document was not received. *Quintero*, 2024 WL 1103059, at *3.

Oranday did not file a motion for new trial. However, even if we interpret either or both of her two letters as a motion for new trial, she did not attach any evidence to them to demonstrate that she did not receive the motion or notice of the hearing. She also did not set any motion for a hearing or otherwise seek to present evidence to the trial court of her claim of having had no notice. *See JD Shelton Enters. LLC v. AGL Constructors*, No. 05-18-00765-CV, 2019 WL 2498682, at *2 (Tex. App.—Dallas June 17, 2019, no pet.) (mem. op.) (observing that appellant's claim that it did not receive notice of summary-judgment hearing required evidence, but record showed no evidence was taken); Tex. R. App. P. 33.1(b) (providing that "the overruling by operation of law of a motion for new trial" preserves for appellate review those complaints properly made in motion "unless taking evidence was necessary to properly present the complaint in the trial court"); *see also* Tex. R. Civ. P. 329b(c) (providing that motion for new trial is overruled by operation of law if it is not determined by written order signed within seventy-five days after judgment signed).

Oranday concedes that the presumption of proper service applies and that she did not file a motion for new trial or submit any evidence to the trial court supporting her contention that she did not receive notice. Rather, she argues that her filing of her notice of appeal itself

3

"constitutes sufficient evidence to rebut the presumption of proper service." However, the cases she cites do not support the proposition that a notice of appeal may constitute evidence. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (determining that Rule 21a presumption vanished because conflicting evidence of non-receipt was presented to trial court); *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) ("In the absence of evidence to the contrary, the presumption has the force of a rule of law."). Oranday does not cite any authority supporting her argument that her notice of appeal constitutes evidence supporting her contention that she did not receive Briceno's motion or notice of the summary-judgment hearing, nor have we found any. We therefore cannot construe Oranday's notice of appeal as evidence of her non-receipt of Briceno's motion and hearing notice, and we accordingly overrule Oranday's appellate issue.

## CONCLUSION

We affirm the trial court's Judgment.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed: November 19, 2025