**Johnny K. THOMAS, Relator,**

v.

**The Honorable Elizabeth RAY, Respondent.**

**No. D–4045.**

Supreme Court of Texas.

Argued Dec. 12, 1993.

Decided March 30, 1994.

---

Karen A. Lerner and Daryl L. Moore, Houston, for relator.

Stephen L. Swanson, Houston, for respondent.

### ON PETITION FOR WRIT OF MANDAMUS

Justice SPECTOR delivered the opinion of the Court, in which all Justices join.

Johnny K. Thomas seeks mandamus relief from a trial court order excluding all of his expert witnesses. We conclude that the trial court abused its discretion in ordering the exclusion of the witnesses, and therefore grant the requested relief.

The underlying action is a suit for legal malpractice. Thomas alleges that Swanson violated the Deceptive Trade Practices Act, was negligent and grossly negligent, and breached the implied duty of good faith and fair dealing while representing Thomas in a worker's compensation case.

On January 20, 1993, the parties entered into an "agreed docket control order," which was signed by counsel and filed with the trial court. *See* TEX.R.CIV.P. 11. Under the agreement, Thomas was required to designate all of his experts by February 17, 1993, and Swanson was required to designate his experts by March 17, 1993.

Trial was originally set for May 17, 1993. At a pretrial conference on May 7, 1993, Swanson filed a motion to exclude any experts called by Thomas on the basis that Thomas had failed to designate any experts by the February 17 cut-off date or any date thereafter. On May 13, 1993, Thomas filed a counter-motion in which he asserted that a letter identifying the experts was sent via United States mail on February 3.[1] The trial date was subsequently reset for August 2, 1993. At a July 19 hearing, the trial court granted Swanson's motion to exclude experts on the grounds that Thomas failed to designate his expert witnesses by the February 17 deadline.

Thomas' principal complaint is that the trial court abused its discretion in ordering the exclusion of all of his expert witnesses because Swanson failed to introduce any evidence that Swanson did not receive the designation of expert witnesses and therefore failed to overcome the presumption of receipt. We agree.

When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987) (construing TEX.R.CIV.P. 21a). This presumption may be rebutted by an offer of proof of nonreceipt. *Id.* In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Id.*

In Thomas' counter-motion, Thomas stated that the designation of experts was placed in the United States mail on February 3, 1993. Thomas' attorney swore to the truth of this statement in an affidavit attached to the motion. Thomas, therefore, presented verified proof that the letter had been mailed and thereby raised the presumption of receipt.

At the July 19, 1993 hearing on Swanson's motion, Swanson failed to bring forward any verified proof that he did not receive Thomas' designation of experts. *Cf. Cliff v. Huggins*, 724 S.W.2d at 779 (both the party and

---

1. In addition to attacking Swanson's motion to exclude experts, Thomas moved to disqualify Swanson's experts on the basis that Swanson indicated in his answers to interrogatories that he had no experts and later failed to timely supplement his answers once he knew who his experts would be. Thomas also requested that the motion be considered as a motion for continuance in the event that the trial court did not allow his experts to testify.

his attorney provided sworn testimony of the nonreceipt of notice of the trial setting). Swanson, therefore, failed to rebut the presumption that the document was received.

We hold that the trial court abused its discretion by ordering the exclusion of all of Thomas' expert witnesses, and that Thomas has no adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992).[2] Accordingly, we conditionally grant mandamus relief. The writ will issue only if the trial court fails to vacate its order excluding Thomas' expert witnesses.

---

**2.** We do not reach Thomas' alternative arguments that the trial court's order violates *Trans-American Nat'l Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991), and that the trial court abused its discretion in failing to state good cause for the sanctions.