Affirmed and Memorandum Opinion filed March 15, 2005









Affirmed and Memorandum Opinion filed March 15, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01403-CV

____________

 

JAMES GRIFFITH, Appellant

 

V.

 

JOHNNY KIRK, BJ
SERVICES CO., U.S.A., L.P., and BJ UNICHEM CHEMICAL SERVICES, a Division of BJ
Services Co.,
Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2002-50221

 



 

M E M O R A N D U M   O P I N I O N

Appellant, James Griffith, appeals the
trial court=s award of costs to appellees after
Griffith filed a non-suit of his claims. 
Griffith contends he was not given adequate notice or an opportunity to
be heard on the issue of costs, and therefore, the court=s award violated
his due process rights.

 








This appeal arises from a negligence
action involving an automobile accident in Hobbs, New Mexico, in October of
2000.  Griffith originally filed suit in
Harris County on September 30, 2002.  The
trial court initially scheduled the case for trial sometime around September 1,
2003.  After Griffith moved for a
continuance, the trial court reset the case for the two weeks following
February 2, 2004.  Meanwhile, on October
3, 2003, Griffith filed a non-suit of his claims.[1]

After Griffith non-suited his claims,
appellees sought to recover costs pursuant to Texas Rule of Civil Procedure
162.  On October 21, 2003, they filed a
motion for costs along with a notice of hearing that set a hearing for October
31, 2003.  Appellees allegedly mailed
both the motion and notice to Griffith=s attorney via
certified mail, return receipt requested the same day it was filed.  Two days later, on October 23, Griffith=s attorney
received these documents.  On October 24,
appellees filed and mailed their supplemental evidence in support of their
motion and an amended order for costs. 
These documents also were sent via certified mail, return receipt
requested.  Griffith=s attorney
allegedly left for vacation on October 25. 
On October 27, appellees= supplemental
evidence and amended order arrived at Griffith=s attorney=s office.  Then, on October 30, Griffith=s attorney
returned from vacation but did not open his mail until November 3.  Meanwhile, on October 31, as scheduled, the
trial court held a hearing on appellees= motion to recover
costs.  The court entered an order of
dismissal and awarded costs to appellees in the amount of $6,477.20.  Griffith was neither present nor represented
at this hearing.  




 
 
 
 
 




 








Subsequently, after opening his mail on
November 3, 2003, Griffith=s attorney found
mention of the October 31 hearing in appellees= supplemental
evidence, allegedly for the first time. 
Griffith immediately filed a motion for new hearing, arguing that he did
not receive notice of the October 31 hearing until after the hearing was over.  Specifically, he claimed appellees= notice of hearing
was not delivered with their motion to recover costs.  Moreover, he contends the only time appellees
provided notice of the hearing was by mentioning it in their supplemental
evidence filed on October 24 and delivered on October 27.  Because his attorney was allegedly out of
town when that was delivered, Griffith claimed to be unaware of the
hearing.  Therefore, Griffith requested
the trial court to hold a second hearing on November 21, 2003, to allow him to
contest the award of costs.  It appears
from the record, the trial court subsequently held this hearing on November 21,
as requested.  It also appears that the
court denied Griffith=s requested relief and upheld its October
31 order granting costs to appellees, thus giving rise to this appeal.  Griffith now argues the trial court violated
his due process rights by awarding costs to appellees without affording him
adequate notice or an opportunity to be heard. 

Appellees counter by arguing, first, that
the award of costs under Rule 162 is automatic. 
Therefore, they claim whether or not Griffith received notice is
irrelevant.  Second, they contend that
Griffith did receive notice of the hearing as evidenced by certified receipts
from the United States Postal Service. 
Finally, contrary to Griffith=s contentions,
appellees point out that Griffith had an opportunity to be heard when the trial
court held the second hearing on November 21, 2003.








Texas Rule of
Civil Procedure 162 dictates that when a party takes a non-suit, the court
clerk is authorized to tax costs against that party, unless otherwise ordered
by the court.  Tex. R. Civ. P. 162; City of Houston v. Woods, 138
S.W.3d 574, 581 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  This court
recently explained, A[w]hen a plaintiff abandons an action by
obtaining a nonsuit, that plaintiff is liable for all costs.@  Woods, 138 S.W.3d at 581 (emphasis
added) (citing Leon Springs Gas Co. v. Rest. Equip. Leasing Co., 961
S.W.2d 574, 580 (Tex. App.CSan Antonio 1997,
no pet.)).  Therefore, when Griffith
voluntarily non-suited his claims against appellees, the trial court was fully
authorized to award costs to appellees pursuant to Rule 162.[2]  The only other issue that requires discussion
is whether notice was required and properly given to Griffith according to the
Rules of Civil Procedure.

Texas Rule of Civil Procedure 21 provides
that at least three days= notice of a hearing is required to apprise
the parties of the hearing.  Tex. R. Civ. P. 21.  A party may be properly notified by
delivering a copy of the notice of hearing by certified or registered mail and
that service is complete once deposited with the postal service.  Tex.
R. Civ. P. 21a.  If notice of the
hearing is properly addressed and mailed, postage prepaid, a presumption arises
that the notice was properly received by the addressee. Thomas v. Ray,
889 S.W.2d 237, 238 (Tex. 1994); Cliff v. Huggins, 724 S.W.2d 778, 779B80 (Tex. 1987); Huffine
v. Tomball Hosp. Auth., 979 S.W.2d 795, 799 (Tex. App.CHouston [14th
Dist.] 1992, no writ).  Moreover, a
certificate of service is prima facie evidence that the party was properly
served.  Tex. R. Civ. P. 21a; Cliff, 724 S.W.2d at 779B80.  

The presumption of receipt may be rebutted
by an offer of proof of non-receipt.  Tex. R. Civ. P. 21a; Thomas, 889
S.W.2d at 238; Cliff, 724 S.W.2d at 780; see also Meek v. Bishop
Peterson & Sharp, P.C., 919 S.W.2d 805, 809 (Tex. App.CHouston [14th
Dist.] 1996, writ denied) (explaining that the presumption may be rebutted by
proof of non-receipt, but in the absence of such proof, the presumption has the
force of law).  Then it becomes the
sender=s burden to
present other evidence of delivery.  See
Wembley Inv. Co. v. Herrea, 11 S.W.3d 924, 928 (Tex. 1999); Continental
Cas. Co. v. Davilla, 139 S.W.3d 374, 379B80 (Tex. App.CFort Worth 2004,
pet. filed).








Here, appellees filed their motion to
recover costs along with a notice of hearing on October 23, 2003.  That same day, appellees properly addressed
and mailed the motion and notice to Griffith. 
This is evidenced by two separate certificates of service, one accompanying
the notice and another attached to the motion. 
These certificates serve as prima facie evidence that Griffith was
properly served and create the presumption that he received notice of hearing.  As such, it was Griffith=s burden to rebut
the presumption of receipt with proof of non-receipt.  See  Tex. R.
Civ. P. 21a; Thomas, 889 S.W.2d at 238; Cliff, 724 S.W.2d
at 780.

Griffith=s attorney filed a
motion for new hearing and an affidavit averring that he received no notice
regarding the October 31 hearing.  He
further claimed in the motion that the only time appellees mentioned the
hearing was in their second motion (the supplemental evidence), sent on October
24.  This was sufficient proof to rebut
the presumption of receipt.  See  Wembley Inv. Co., 11 S.W.3d at 927B28 (holding that
an affidavit averring non-receipt was sufficient to overcome the presumption of
receipt).  Thus, it became appellees= burden to respond
by presenting other evidence of delivery. 
See Wembley Inv. Co., 11 S.W.3d at 928; Continental Cas. Co.,
139 S.W.3d at 379B80. 
Appellees did exactly that by presenting the return receipt Agreen card@ indicating their
motion for costs and notice of hearing was received by Griffith=s attorney=s office on
October 23, 2003Ceight days before the hearing was
scheduled.  Furthermore, the article number listed on the Agreen card@ exactly matched the certified
receipt number listed on the certificates of service attached to both the
motion and the notice of hearing. 
Therefore, appellees put forth the necessary evidence to prove appellant
received notice of the October 31 hearing. 








Even were we to accept Griffith=s argument that he
was not adequately notified about the hearing, we still find that there was no
harm to Griffith and that his due process rights were not violated.  Griffith requested a second hearing on the
issue of costs.  The trial court granted
this request and held a second hearing on November 21.  Therefore, any error in the failure to
provide notice in this instance was rendered harmless.  See Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998) (explaining that the failure to give
a party notice of a submission date is rendered harmless when the court
considers the party=s response and reconfirms its
ruling).  Accordingly, we overrule
Griffith=s  sole point of error.

The judgment of the trial court if
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 15, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.











[1]  Griffith later
re-filed his claims in New Mexico state court.





[2]  Griffith also
argues that the issue of costs will be addressed in the New Mexico courts and
therefore, costs should not have been awarded after he took a non-suit in
Texas.  However, the fact that Griffith
re-filed his claims in another state does not preclude a Texas court from
awarding costs under Texas Rule of Civil Procedure 162.  In fact, as appellees note, there is no
certainty that appellees will be able to recover the costs expended in Texas in
the New Mexico proceedings.  Therefore,
this argument is without merit.