**Affirmed and Memorandum Opinion filed May 22, 2012.**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔈𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

### NO. 14-10-00945-CV

---

**RITA LEMONS, Appellant,**

**V.**

**OPTIMUM BONUS TEXAS, INC, Appellee.**

---

**On Appeal from the County Court at Law No 3**
**Fort Bend County**
**Trial Court Cause No. 10-CCV-042499**

---

## MEMORANDUM OPINION

This is a pro-se appeal from judicial proceedings culminating in the eviction of the appellant, Rita Lemons. We affirm.

Optimum Bonus Texas, Inc., purchased the property located at 6635 McCullum Road in Missouri City at a foreclosure auction. Lemons resided at that address and refused to vacate. OBT sued in a Fort Bend County justice-of-the-peace court to have Lemons evicted. The cause was tried before a jury which found in favor of OBT. Lemons appealed to Fort Bend County Court at Law No. 3. The county court at law entered a default judgment against Lemons and a writ of possession in favor of OBT.

In this appeal, Lemons asks this court to reverse the jury verdict on its merits and to reverse the default judgment entered against her because she did not receive sufficient notice. We will address the default judgment first.

When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994); *see* Tex. R. Civ. P. 21a. This presumption may be rebutted by an offer of proof of non-receipt. *Thomas*, 889 S.W.2d at 238. In the absence of proof to the contrary, the presumption has the force of a rule of law. *Id.*

The clerk's record in this case includes a letter to Lemons from the Fort Bend County Clerk dated July 23, 2010, and stating in full:

> Please be advised that the above referenced cause was filed on the 22nd day of July, 2010, under the above referenced number.
>
> Pursuant to Rule 753 TRC[P] please be advised that said cause shall be subject to trial at any time after the expiration of eight full days after the date the transcript is filed in the county court. If the defendant has filed a written answer in the Justice Court, the same shall be taken to constitute his appearance and answer in the County Court, and such answer may be amended as in other cases. If the defendant made no answer in writing in the Justice Court, and if he fails to file a written answer within eight full days after the transcript is filed in the County Court, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly.

This letter was sent via certified mail, return receipt requested, to "Rita Lemons and all other occupants, 6635 McCullum, Missouri City TX 77489." The return receipt contains

a signature that appears to be Lemons's, and though the receipt's "Date of Delivery" section is left blank, it is stamped as being filed with the county clerk on July 28, 2010.

Lemons filed a written answer in neither justice court nor in the county court at law. The justice-court transcript was filed in the county court on July 22, 2010. On August 31, 2010, OBT's attorney sent notice to Lemon that an oral hearing of the appeal was scheduled for September 3. This notice appears to have been sent only via First Class Mail and also appears to be the notice Lemons complains of in this appeal. Without addressing any deficiencies in the August 31 letter, we hold that the July 23 letter conferred notice upon Lemons as to the possibility of a default judgment should she fail to file a written answer. *See Thomas*, 889 S.W.2d at 238.

The county court at law called the case on September 3, more than eight days after the justice-court transcript had been filed, and entered a default judgment against Lemons on the same day. *See* Tex. R. Civ. P. 753. Lemons had sufficient notice that she needed to file an answer to avoid just such an occurrence. *See id.* Because we see no reason to disturb the default judgment, we need not address the merits of the justice-court jury trial.

\* \* \*

For the foregoing reasons, we affirm the county court's judgment.


/s/     Jeffrey V. Brown
        Justice



Panel consists of Justices Brown, Boyce, and McCally.

3