**Affirmed and Memorandum Opinion filed April 2, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01079-CV

---

### ADEDAYO J. FASHAKIN, Appellant

### V.

### FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee

---

**On Appeal from the County Court at Law No 3
Fort Bend County, Texas
Trial Court Cause No. 10-CCV-043635**

---

## MEMORANDUM OPINION

Appellant, Adedayo J. Fashakin, appeals a summary judgment in favor of appellee, Federal Home Loan Mortgage Corporation ("Freddie Mac"), in a forcible detainer action. In three issues, Fashakin contends the trial court erred by granting summary judgment because Freddie Mac did not establish it gave the statutorily-

required notice to vacate and certain evidence offered by Freddie Mac to prove such notice was inadmissible. We affirm.

## I. BACKGROUND

On August 3, 2010, pursuant to a Deed of Trust, the mortgagee foreclosed on a home owned by Fashakin in Sugar Land, Texas. Freddie Mac bought the property at the foreclosure sale. Freddie Mac instituted a forcible detainer action when Fashakin remained in possession of the premises after the foreclosure sale. Freddie Mac filed the action in a justice court, which denied the requested relief after a bench trial.

Freddie Mac appealed to the county court at law. Freddie Mac filed a motion for summary judgment, to which Fashakin responded. On September 13, 2011, the trial court signed an Amended Final Judgment, granting the motion for summary judgment and awarding Freddie Mac possession of the property. Fashakin filed a motion for new trial, which was denied by written order. Fashakin deposited into the registry of the court a $20,000 cash bond to supersede enforcement of the writ of possession pending this appeal.

## II. ANALYSIS

In his first issue, Fashakin generally asserts that the trial court erred by granting summary judgment. In his second issue, Fashakin more specifically argues that Freddie Mac failed to establish it gave the requisite notice to vacate before filing the forcible detainer action. In his third issue, Fashakin asserts the trial court erred in considering a United States Postal Service ("USPS") report filed by Freddie Mac.

## A. Standard of Review and Applicable Law

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). We review a summary judgment *de novo*. *Knott*, 128 S.W.3d at 215. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in his favor. *Id.*

It is undisputed that Fashakin is a tenant by sufferance pursuant to the Deed of Trust, based on his continuing occupation of the premises following the foreclosure sale. A tenant by sufferance "who refuses to surrender possession of real property on demand commits a forcible detainer." Tex. Prop. Code Ann. § 24.002(a)(2) (West 2000). The demand for possession must be made in writing by a person entitled to possession of the property and comply with the requirements for notice to vacate under Property Code section 24.005. *Id.* § 24.002(b); *see id.* § 24.005 (West Supp. 2012). Under section 24.005, "the landlord must give [a tenant at sufferance] at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *Id.* § 24.005(b). The notice to vacate shall be given in person or by mail at the premises in question. *Id.* § 24.005(f). As applicable to the present case, notice by mail "may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." *Id.* The notice period is calculated from the day on which

the notice is delivered. *Id.* § 24.005(g). A notice to vacate shall be considered a demand for possession for purposes of section 24.002(b). *Id.* § 24.005(h).

Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Proper notice is an element of a forcible detainer action. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446–447 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Stephens v. Williams*, No. 02-11-00376-CV, 2012 WL 3115826, at *1 (Tex. App.—Fort Worth Aug. 2, 2012, no pet.) (mem. op.).

## B.     Summary Judgment Evidence

In its motion for summary judgment, Freddie Mac asserted it provided the requisite three days' notice to vacate by certified and regular mail. In support, Freddie Mac attached the following exhibits: (1) the affidavit of Mario Valverde, custodian of records for the law office of Freddie Mac's attorney[1]; (2) a copy of a letter dated September 12, 2010 (nine days before Freddie Mac filed its forcible detainer action), addressed to Fashakin "and/or All Current Occupants" of the subject property address and demanding he/they vacate the premises no later than three days after receipt of the letter; (3) a copy of the face of a certified-mail envelope with postage affixed; and (4) a printout of a "Track and Confirm" report from the website of USPS relative to the certified mailing.

Fashakin contends that Freddie Mac failed to establish that the above-referenced letter was delivered to Fashakin or the premises because the Track and

---

[1] The business records affidavit of Mario Valverde tracked the form set out in Texas Rule of Evidence 902(10)(b). *See* Tex. R. Evid. 902(10)(b).

Confirm report shows that USPS attempted unsuccessfully to deliver the certified mailing on September 15, 2010 and left a notice at the premises. Further, in his summary judgment response, Fashakin presented an additional Track and Confirm report showing the certified mailing was ultimately delivered to an address in Dallas with a zipcode matching that of Freddie Mac's attorney. Fashakin asserts, and Freddie Mac does not dispute, this latter report shows the certified mailing was returned unclaimed.

Nonetheless, Freddie Mac contends that it complied with the statute because the letter was delivered via first class mail. Freddie Mac asserts that proof of first class mailing is proof of delivery unless the tenant negates that the letter was received, and here, Fashakin did not assert or present evidence that he did not receive the letter. When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994). This presumption may be rebutted by an offer of proof of non-receipt. *Id.* In the absence of proof to the contrary, the presumption has the force of a rule of law. *Id.*; *see Kaldis v. U.S. Bank Nat'l Ass'n*, No. 14-11-00607-CV, 2012 WL 3229135, at *1, 3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem. op.) (holding, in forcible detainer action, that landlord established delivery of notice to vacate by proving that, although letters sent to tenant by certified mail were returned unclaimed, letters sent by first class mail were not, and trial court was free to disbelieve tenant's testimony during bench trial that he did not receive the first class letters); *Ramey v. Bank of New York*, No. 14-06-00824, 2010 WL 2853887, at *3 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet.) (mem. op.) (holding landlord established delivery of notice to vacate because it proved letter was sent to

5

tenant by certified and first class mail and there was no evidence negating receipt of the first class letter).

In its motion for summary judgment, Freddie Mac states, "The business records affidavit attached [of Mario Valverde] establishes that on September 12, 2010, the law offices of [Freddie Mac's attorney] mailed a notice to vacate the property to [Fashakin] and/or all current occupants of the subject property by both first class and certified mail." The copy of the letter attached to Valverde's business records affidavit is on the letterhead of Jack O'Boyle & Associates and reads, in part:

September 12, 2010

Certified Mail Return Receipt Requested
ADEDAYO J FASHAKIN
and/or all Current Occupants of
14830 Jackson Sawmill Lane
Sugar Land, TX  77478

Re:  Notice to Vacate and Demand for Possession
      Notice of Termination of Lease
      My Client:  Federal Home Loan Mortgage Corporation

Dear Adedayo J Fashakin and/or All Occupants

. . .

Sincerely yours,<br/>/s/<br/>Jack O'Boyle

cc:  First Class Mail

The copy of the letter reflects the hand-written signature of Jack O'Boyle. The letter specifically records the act or event of the mailing of the letter by both

6

"Certified Mail Return Receipt Requested" and by "First Class Mail." The letter constitutes a business record of the law firm, it was properly filed as evidence in the summary judgment proceeding, and it constitutes evidence that the notice to vacate was sent to Fashakin by regular mail and certified mail on September 12, 2010.[2] *See Jimmerson v. Homecomings Financial L.L.C.*, No. 02-07-00305-CV, 2008 WL 2639757, at *2 n.3 (Tex. App.—Fort Worth July 3, 2008, no pet.) (mem. op.) (top of notice to vacate stated "CERTIFIED MAIL, RETURN RECEIPT REQUESTED" and "FIRST CLASS REGULAR MAIL," which constituted evidence that the notice was mailed both by certified mail and regular mail).[3]

We hold that Freddie Mac established delivery of the notice to vacate because it provided summary judgment evidence that the letter was sent to Fashakin by certified and first class mail, and there was no controverting summary judgment evidence negating receipt of the first class letter. *See Ramey*, 2010 WL 2853887, at *3. In light of our holding, Fashakin's issue three is moot.

We overrule all of Fashakin's issues. We affirm the judgment.


/s/　　Margaret Garner Mirabal
　　　　Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[4]

---

[2] The mailing on that date is corroborated by the additional attachment to the affidavit of a copy of the certified mail envelope addressed to Fashakin at the subject property address, with postage affixed dated September 12, 2010.

[3] Fashakin relies on the distinguishable case of *Strobel v. Marlow*, 341 S.W.3d 470, 472, 476–77 (Tex. App.—Dallas 2011, no pet.). In *Strobel*, the opposing party offered proof of non-receipt, and the mode of alleged transmission was via fax.

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.