**AFFIRM; and Opinion Filed October 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00652-CV

### JAMES MICHAEL STUART AND/OR ALL OCCUPANTS, Appellant
### V.
### U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-OPT1, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00955-B**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Stoddart
Opinion by Justice Fillmore

James Michael Stuart appeals the trial court's judgment awarding possession of certain real property to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp., 2005-OPT1, Asset Backed Pass-Through Certificates, Series 2005-OPT1 (U.S. Bank). Stuart's sole complaint on appeal is the trial court erred by admitting into evidence a digital signature card sent by the United States Postal Service (USPS) to U.S. Bank's counsel.[1] We affirm the trial court's judgment.

---

[1] U.S. Bank has not filed a brief in this appeal.

## Background

U.S. Bank purchased a house previously owned by Stuart at a foreclosure sale on December 3, 2013, and, on February 28, 2014, filed a forcible detainer action in the justice court seeking to evict Stuart. The justice court awarded possession of the property to U.S. Bank, and Stuart appealed to the county court at law for a trial *de novo*.

At trial, U.S. Bank established it purchased the property at the foreclosure sale and that, when Stuart did not immediately vacate the property following the foreclosure sale, he became a tenant at sufferance pursuant to the terms of the deed of trust. U.S. Bank then offered for admission into evidence a January 3, 2014 letter written by its attorney and addressed to Stuart, and all other occupants of the premises, that demanded the premises be vacated within three days. The address on the letter was for the property at issue. The letter indicates it was sent by certified mail, return receipt requested, and first class mail and states "U.S. Postage and Fees Paid." Attached to the letter was a digital signature card from the USPS showing the signature and address of the recipient and indicating the letter was delivered on January 11, 2014. Stuart's counsel stated he did not object to the admission of the letter, but objected to the digital signature card from the USPS attached to the letter because it was not a business record of U.S. Bank's attorney and was hearsay.

U.S. Bank's attorney called Stuart to testify. When asked if his signature appeared on the digital signature card, Stuart responded, "Appears to be." Stuart did not, however, recall receiving the letter in January of 2014. The following colloquy then occurred:

Q:      But you – that is your signature –

A:      Apparently, yes.

Q:      – to the best of your knowledge?

A:      Yes. Yes.

Stuart's counsel re-urged his hearsay objection to the admission of the digital signature card on the basis that Stuart had said "apparently it is, could be" his signature on the card. The trial court overruled the objection, admitted the January 3, 2014 letter with the digital signature card attached, and awarded possession of the property to U.S. Bank.

**Analysis**

Stuart contends the trial court erred by admitting the digital signature card into evidence because the card was not a business record of U.S. Bank's counsel, was generated by the USPS, and was hearsay. We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Gharda USA, Inc. v. Control Solutions, Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). Even if the trial court abused its discretion in admitting certain evidence, reversal is appropriate only if the error was harmful, that is, the erroneous admission was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *U-Haul Int'l, Inc.*, 380 S.W.3d at 132. A "successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). We consider the entire record in determining whether an erroneous evidentiary ruling was harmful. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).

Assuming the trial court erred by admitting the digital signature card into evidence, we cannot conclude Stuart has shown he was harmed. Before a landlord may file a forcible detainer suit seeking to evict a tenant by sufferance, the landlord must give the tenant at least three days' written notice to vacate, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. TEX. PROP. CODE ANN. § 24.005(b) (West 2014). The notice must

be given in person or by mail at the premises in question. *Id.* § 24.005(f). If the notice is delivered by mail, it may be by regular, registered, or certified mail, return receipt requested, to the premises in question. *Id.*

The evidence shows that U.S. Bank, through its attorney, sent Stuart a written notice to vacate the premises by both regular and certified mail on January 3, 2014. The address on the notice was for the subject property and indicated the postage fees had been paid. The notice stated Stuart had three days to surrender the premises. The deed of trust, signed by Stuart, did not provide for a longer period of notice. U.S. Bank did not file the forcible detainer action until February 28, 2014. Stuart has not challenged the sufficiency of the evidence to show a notice that complied with section 24.005 of the property code was sent by U.S. Bank by regular mail. *See Effel v. Rosberg*, 360 S.W.3d 626, 631 (Tex. App.—Dallas 2012, no pet.) (written notice that tenant had ten days to vacate premises that was sent by regular and certified mail, return receipt requested, complied with statutory requirements).

When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption the notice was duly received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). This presumption may be rebutted by proof of non-receipt. *Id.* In the absence of proof to the contrary, the presumption has the force of a rule of law. *Id.*; *see also Jimmerson v. Homecomings Fin. LLC*, No. 02-07-00305-CV, 2008 WL 2639757, at *2 n.4 (Tex. App.—Fort Worth July 3, 2008, no pet.) (mem. op.) (landlord established delivery of section 24.005 notice to vacate by proving letter was sent to tenant by certified and first class mail and there was no evidence negating receipt of first class letter). Stuart has not raised an issue regarding any failure to receive the notice to vacate that was sent by regular mail. At trial, Stuart testified only that he did not remember if he received the notice to vacate in January 2014. The trial court could have found this testimony to be insufficient to rebut the presumption the

letter sent by regular mail was received. *See Kaldis v. U.S. Bank Nat'l Ass'n*, 2012 WL 3229135, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem. op.) (concluding evidence sufficient to establish notice pursuant to section 24.005 was sent by regular mail to tenant and trial court, as sole judge of witnesses' credibility and weight to given their testimony, was not required to accept tenant's testimony he had not received any notices to vacate).

We conclude the statutory notice sent by regular mail to Stuart was sufficient to support the trial court's judgment awarding possession of the property to U.S. Bank. Accordingly, the judgment did not turn on the admission of the digital signature card offered to prove Stuart received the copy of the notice that was sent by certified mail, and Stuart was not harmed by the trial court's admission of the digital signature card. *See* Tex. R. App. P. 44.1(a); *Kaldis*, 2012 WL 3229135, at *4. We resolve Stuart's sole issue against him and affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140652F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES MICHAEL STUART AND/OR
ALL OCCUPANTS, Appellant

No. 05-14-00652-CV        V.

U.S. BANK NATIONAL ASSOCIATION,
Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas,
Trial Court Cause No. CC-14-00955-B.
Opinion delivered by Justice Fillmore, Chief
Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee U.S. Bank National Association recover its costs of this appeal from appellant James Michael Stuart.

Judgment entered this 28th day of October, 2015.