

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-17-00397-CV

_____

KRISTIN CARTER SCHOR AND WILLIAM K. SCHOR, APPELLANTS

V.

U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE,
ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-OA3, APPELLEE

On Appeal from County Court at Law Number 2
Denton County, Texas
Trial Court No. CV-2017-01535; Honorable Robert Ramirez, Presiding

August 9, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal from a forcible detainer cause of action concerning the adequacy

of the notice to vacate given pursuant to section 24.005 of the Texas Property Code.[1]

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

*See* TEX. PROP. CODE ANN. § 24.005 (West Supp. 2017).[2]  By two issues, Appellants, Kristin Carter Schor and William K. Schor, contend the evidence presented at trial was legally and factually insufficient to support a finding that Appellee, U.S. Bank NA, Successor Trustee to Bank of America NA, Successor in Interest to LaSalle Bank NA, as Trustee on behalf of the Holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA3, provided statutorily adequate notice to vacate before instituting this forcible detainer action.  We affirm.

BACKGROUND

The facts and procedural background of this case are not in dispute.  The only matter at issue is whether U.S. Bank provided proper notice to vacate as required by section 24.005.  Accordingly, we will recite the facts of this case only in so far as they are necessary to an understanding of the principle being discussed.

Following the foreclosure of a deed of trust, the Schors became tenants at sufferance of property located at 2405 Damsel Katie Drive in Lewisville, Texas.  U.S. Bank sought to evict the Schors from that property.  At trial, U.S. Bank introduced into evidence a copy of the three-day notice to vacate along with the business record affidavit of Brian Ommart indicating that the notice was mailed, individually, to Kristin Carter Schor, William K. Schor, and "OCCUPANT," at the property address, by both certified mail, return receipt requested, and "regular mail."  The undisputed evidence was that the notices sent by certified mail, return receipt requested, were returned, undelivered.  William K. Schor testified that he never received the notice sent by regular mail.  Kristin Carter Schor did not testify and no further evidence was presented regarding the adequacy of the notice.

---

[2] Unless otherwise indicated, this and all future references to "§" or "section" are references to the Texas Property Code.

STANDARD OF REVIEW

When both legal and factual sufficiency challenges are raised on appeal, the reviewing court must first examine the legal sufficiency of the evidence. *See Glover v. Tex. Gen. Indemnity Co.,* 619 S.W.2d 400, 401 (Tex. 1981). In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the verdict and indulge ever reasonable inference that supports the verdict. *City of Keller v. Wilson,* 168 S.W.3d 802, 821-22 (Tex. 2005). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. This court must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. *Id.* at 819. The reviewing court may not substitute its judgment for that of the trier of fact, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. But if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.*

In reviewing a legal sufficiency issue, we may sustain the challenge only when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (d) the evidence conclusively establishes the opposite of the vital fact in question. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030, 124 S. Ct. 2097, 158 L. Ed. 2d 711 (2004).

In reviewing factual sufficiency, the reviewing court must consider, examine, and weigh the entire record, considering both the evidence in favor of, and contrary to, the

3

challenged findings. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406-07 (Tex. 1998), *cert. denied,* 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998). In doing so, the court no longer considers the evidence in the light most favorable to the finding; instead, the court considers and weighs all the evidence, and sets aside the disputed finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* at 407

AUTHORITY AND ANALYSIS

"If [an] occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." § 24.005(b). Such notice may be by "regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." § 24.005(f).

When a letter, properly addressed and postage prepaid, is deposited with the United States Postal Service, there exists a presumption that the notice was duly received by the addressee. *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding); *Brittingham v. Fed. Home Loan Mortg. Corp.,* No. 02-12-00416-CV, 2013 Tex. App. LEXIS 10624, at *4-5 (Tex. App.—Fort Worth 2013, pet. dism'd w.o.j.) (mem. op.). This presumption may, however, be rebutted by an offer of proof of non-receipt. *Thomas*, 889 S.W.2d at 238. In the absence of proof of non-receipt, the presumption has the force of a rule of law. *Id.* In this proceeding, the only disputed issue is the adequacy of the delivery of the notice of eviction.

Relying upon *Trimble v. Fannie Mae,* 516 S.W.3d 24, 32 (Tex. App.—Houston [1st Dist.] 2016, pet. denied), and *Khalilnia v. Fed Home Loan Mortg. Corp.*, No. 01-12-00573-CV, 2013 Tex. App. LEXIS 2991, at *7-8 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied), U.S. Bank contends section 24.005(f) "requires only that notice be provided, not that the tenant-at-sufferance actually receive the notice." Relying on section 24.005(g), U.S. Bank further contends that, although the notices sent by certified mail, return receipt requested, were returned unclaimed, the notices were "considered delivered once deposited in the mailbox." Essentially, U.S. Bank contends that proof of *sending* notice (either by regular mail or certified mail, return receipt requested) is sufficient and that receipt is irrelevant. While we disagree with U.S. Bank's position that "receipt" is irrelevant, we do find that the evidence is legally and factually sufficient to establish statutorily adequate service of notice to vacate pursuant to section 24.005.

DELIVERY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

As to delivery of the notice to vacate sent by certified mail, return receipt requested, U.S. Bank contends the mere act of depositing the notice in the mail is sufficient. Again, while we agree such circumstances can create a presumption of constructive notice, we disagree with the application of that principle to the facts of this case. Here, we are confronted with actual evidence establishing that the notice was returned to the sender without being claimed by the addressee. In such circumstances, the unclaimed notice does not establish effective notice. Constructive notice may, however, be established where it is apparent that the address was valid and could be located by the postal service, and the intended recipient has engaged in instances of selective acceptance or refusal of the certified mail. Without evidence that the intended recipient has dodged or refused delivery of the certified mail, constructive notice cannot be imputed to the addressee. *See*

5

*Approximately $14,980 v. State*, 261 S.W.3d 162, 189-90 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Compare Clarkson v. Deutsche Bank Nat'l Trust Co.*, 331 S.W.3d 837, 839-40 (Tex. App.—Amarillo 2011, no pet.) (notice to vacate sent by certified mail, return receipt requested, and proof of delivery supported by the confirmation receipt from the United States Postal Service verifying that the certified article number was, in fact, delivered to the premises in question). Here, the testimony established that the premises in question was 2405 Damsel Katie Drive, Lewisville, Texas, and William K. Schor testified that he resided at that address. Because the Schors did not allege or offer any evidence of fraud or mistake or that the address could not be located by the postal service, evidence would have been sufficient to satisfy the requirements of section 24.005(f), but for the additional evidence of the actual return of the notice. As such, under the facts of this case, the evidence is both legally and factually insufficient to establish service of the notice to vacate by certified mail, return receipt requested.

DELIVERY BY REGULAR MAIL

Here, the business records affidavit of Mr. Ommart and copies of the notice to vacate presented at trial establish that U.S. Bank also sent the notice via regular mail, addressed to William K. Schor, Kristin Carter Schor, and "OCCUPANT," at the premises in question, thus complying with section 24.005 and raising a presumption that the notice was duly received. William K. Schor, however, offered direct evidence claiming that <u>he</u> never received the notice. As such, the presumption of delivery was rebutted as to William K. Schor based on his offer of proof of non-receipt.

The testimony admitted at trial does not, however, establish that William K. Schor was the only occupant of the home when the notice was sent or that he was the only person who could have received the notice if it was delivered as addressed. As a result,

6

because notices were also mailed to Kristin Carter Schor and "OCCUPANT," a presumption still exists that notice was delivered "to the premises" as required by section 24.005(f). *See Trimble,* 516 S.W.3d at 32 (finding that occupants failed to rebut presumption that notice to vacate was delivered "to the premises" where evidence established that only one of several occupants did not receive the notice). Accordingly, in the absence of evidence that none of the addressees received the notice, the presumption that notice was duly received by an addressee, at the premises in question, still exists. *See Thomas*, 889 S.W.2d at 238. This presumption alone is both legally and factually sufficient to satisfy the statutory requirements of section 24.005(f). Issues one and two are overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Campbell, J., concurring in the result.

7