**AFFIRM; and Opinion Filed January 16, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01022-CV

### VRAI SMITH, Appellant
### V.
### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-4, Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-01339-C**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, and Carlyle
Opinion by Justice Pedersen

This is a forcible detainer action. Appellant Vrai Smith challenges the trial court's judgment awarding possession of the premises at issue to appellee Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-4 (the "Bank"). In a single issue, Smith argues the trial court erroneously rendered judgment because the Bank did not establish its right to immediate possession. For the reasons that follow, we affirm.

**Background**

In 2005, Smith obtained a loan secured by a Deed of Trust and purchased the residence located at 1110 Hanson Ct., Glenn Heights, Texas 75154 (the "Property"). Smith defaulted under the terms of her loan agreement, and the Bank acquired the Property through a January 2017 non-judicial foreclosure sale. The Bank sent Smith a notice to vacate and demand for possession of the

Property on January 20th. When she did not vacate, the Bank filed this suit for forcible detainer in the Justice Court on February 3rd. The justice of the peace found that the Bank held a superior right to possession and signed a judgment in favor of the Bank.

Smith appealed to the County Court at Law, and that court conducted a trial de novo. During the first day of trial, Smith argued to the judge that the foreclosure was wrongful and should be set aside because she received no notice of the sale or notice to vacate. She asserted that she was in the process of negotiating a loan modification with her lender and only learned of the sale and the effort to evict her later in February, when she was following up with the lender about the modification. During the second day of trial, the Bank offered, and the trial court admitted without objection, evidence of the foreclosure sale, the conveyance of the Property to the Bank, the Deed of Trust, and a business record affidavit attaching the notice to vacate.[1] Appellant offered no evidence. The trial court found in favor of the Bank and awarded it possession of the Property.

Smith appeals that judgment.

### Forcible Detainer

A forcible detainer action asks the trial court to determine the right to immediate possession of real property when there was no unlawful entry on the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). "It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title." *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470–71 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Indeed, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.).

---

[1] The Bank argues in its brief to this Court that Smith failed to bring forward a complete record of the proceedings below. Although the original reporter's record transcribed only the first day of trial, the remainder of the trial, and the Bank's exhibits, were subsequently filed and are before us.

Accordingly, at the outset, we must reject Smith's arguments that are based upon her allegation that she did not receive notice of the foreclosure sale. She correctly argues that a foreclosure sale may be set aside if the creditor fails to provide the notice required by statute. *Mills v. Haggard*, 58 S.W.3d 164, 167 (Tex. App.—Waco 2001, no pet.). However, any challenge to the sale of property under a deed of trust must be brought in a separate suit in which title issues can be determined, not in an action for forcible detainer. *Williams*, 315 S.W.3d at 927.

A forcible detainer plaintiff must establish that (1) it has a landlord-tenant relationship with the borrower; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupants of the property to vacate; and (4) the occupants refused to vacate the premises. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Smith contends that the Bank failed to establish the first and third of these requirements and thus did not establish its right to immediate possession of the property. We understand this to be a challenge to the sufficiency of the evidence supporting these implicit conclusions by the trial court. We will review Smith's issue to determine whether the evidence at trial—crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not—would enable reasonable and fair-minded people to reach the two conclusions that Smith challenges. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

As to the landlord-tenant relationship, the Bank asserts that Smith is a tenant at sufferance pursuant to the Deed of Trust, which states:

> If the Property is sold pursuant to this Section 22 [which addresses rights of acceleration and non-judicial foreclosure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ or possession or other court proceeding.

Smith argues that because she was subject to a wrongful foreclosure, which should be set aside, she is not a tenant at sufferance. We disagree. When a deed of trust contains a clause by which an

occupant becomes a tenant at sufferance upon foreclosure, "a claim attacking the validity of the foreclosure sale based on lack of notice of foreclosure is independent of the determination of the right to immediate possession." *U.S. Bank Nat. Ass'n v. Farhi*, No. 05-07-01539-CV, 2009 WL 2414484, at *4 (Tex. App.—Dallas Aug. 7, 2009, no pet.) (mem. op.). Evidence that Smith had no notice of the foreclosure is not relevant to the issue of the right to immediate possession. *Id.* The Bank offered the Deed of Trust into evidence at trial; that document sufficiently demonstrated Smith's status as a tenant in sufferance. We conclude the Bank established that it had a landlord-tenant relationship with Smith. *See Trimble*, 516 S.W.3d at 29.

Smith also contends that she did not receive the required notice to vacate the premises.[2] A landlord must give a tenant at sufferance at least three days' written notice to vacate before the landlord files a forcible detainer suit. TEX. PROP. CODE ANN. § 24.005(b). Here the record shows that the Bank sent its notice to vacate to the Property's address, postage prepaid, by both regular first-class mail and certified mail, which complied with statutory requirements. *See id.* § 24.005(f) ("Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question."). If a mailing is properly addressed and postage is prepaid, a presumption exists that the mailing was duly received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994). This presumption may be rebutted by proof of non-receipt. *Id.* The certified mailing to Smith was returned unopened. The regular mailing, however, was not returned to the Bank. Texas courts reviewing similar evidence have concluded that the return of only the certified mailing supported a conclusion that the tenant had in fact received the first-class mailing. *Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *2 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.); *Kaldis v. U.S. Bank Nat.*

---

[2] Smith does not challenge the timing or contents of the notice. She contends only that she never received notice to vacate.

*Ass'n*, No. 14-11-00607-CV, 2012 WL 3229135, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem. op.). We conclude the evidence is sufficient to allow a rational fact-finder to conclude that the Bank gave—and that Smith received—the required notice to vacate. *See Trimble*, 516 S.W.3d at 29.

We discern no error in the trial court's awarding possession of the Property to the Bank. We overrule Smith's single issue.

### Conclusion

We affirm the trial court's judgment.

Bill Pedersen, III
BILL PEDERSEN, III
JUSTICE

171022F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VRAI SMITH, Appellant

No. 05-17-01022-CV          V.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE,
FOR NEW CENTURY HOME EQUITY
LOAN TRUST 2005-4, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-17-01339-C.
Opinion delivered by Justice Pedersen, III.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Deutsche Bank National Trust Company, as Indenture
Trustee, for New Century Home Equity Loan Trust 2005-4 recover its costs of this appeal from
appellant Vrai Smith.

Judgment entered this 16th day of January, 2019.