**Order filed July 9, 2019.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-18-00329-CV**
_____

**DARYL BARNES, Appellant**

**V.**

**HARRIS COUNTY, TEXAS, ET AL, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-14432**

---

## ABATEMENT ORDER

On June 13, 2019, we notified the parties that according to the clerk's record, the judgment or order being appealed is not a final, appealable judgment. Specifically, it appears the claims again Ron Hickman remain pending in the trial court. On June 24, 2019, appellees responded by letter asserting we have jurisdiction over this appeal because Hickman was never served with process.

A certificate of service is prima facie evidence of service. Tex. R. Civ. P. 21a. Rule 21a creates a presumption that a document properly sent is received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994). This presumption may be rebutted by an offer of proof of nonreceipt. *Id*. In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Id.*

Appellant attached a certificate of service to his petition. Appellees do not assert it is defective nor do they refer this court to anything in our record that rebuts the presumption Hickman was properly served.

Texas Rule of Appellate Procedure 27.2 provides:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2. *See also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Our record does not reflect the appealed order is final as the claims against Hickman were not included in the dismissal order.

We therefore order the case abated and remanded to the trial court for a period of thirty days. A supplemental clerk's record containing the trial court's order(s), if necessary, or any records establishing there are no claims pending against Hickman, shall be filed with the clerk of this court on or before **August 9, 2019**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing,

if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date, if a hearing is required, and notify the parties of such date.

PER CURIAM

Panel consists of Justices Christopher, Hassan and Poissant.